**John T. BURKE, Appellant,**

v.

**CENTRAL EDUCATION AGENCY, et al., Appellees.**

No. 14478.

Court of Appeals of Texas, Austin.

Jan. 28, 1987.

Rehearing Denied March 18, 1987.

Leonard J. Schwartz, B. Craig Deats, Schwartz, Waterman, Fickman & Van Os, Austin, for appellant.

Jim Mattox, Atty. Gen., George Warner, Asst. Atty. Gen., Austin—Attorneys for Central Educ. Agency.

Henry D. Akin, Jr., Akin & Akin, Dallas, for Plano ISD.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

POWERS, Justice.

John Burke appeals from a summary judgment of the district court in favor of the Central Education Agency and the Plano Independent School District (the school district). We will affirm the judgment of the district court.

## THE CONTROVERSY

Under authority of the Term Contract Nonrenewal Act (TCNA), Tex.Educ.Code §§ 21.201–.211 (Supp.1986), the school district determined that it would not renew for another school year Burke's contract as a teacher in the district. After receiving notice of the school district's determination, Burke contested the matter in an evidentiary hearing before the school-district board of trustees; and from the board's adverse decision, he took an appeal to the State Commissioner of Education as he was privileged to do under TCNA § 21.207, and Tex. Educ.Code § 11.13. The Commissioner af-

firmed the decision of the local board and Burke requested a review of the Commissioner's decision by the State Board of Education—a further administrative review permitted at the time by the applicable statutes. Tex.Educ.Code §§ 11.13(b) and TCNA 21.207(a). The State Board of Education affirmed the Commissioner's decision.

In a motion for rehearing before the State Board of Education, Burke assigned several errors in the administrative proceedings. The State Board of Education overruled the motion and Burke sued in a district court of Travis County for judicial review—a cause of action created by the Legislature in TCNA § 21.207(b), in special reference to disputes under the TCNA. Section 11.13(c) of the Code authorized such a statutory cause of action in general when a person is "aggrieved by an action of the Central Education Agency or decision of the commissioner of education...."

The State school officials and the local school district moved in the district court for summary judgment, contending that Burke's motion for rehearing before the State Board of Education lacked sufficient particularity to constitute compliance with § 16(e) of the Administrative Procedure and Texas Register Act (APTRA), Tex.Rev. Civ.Stat.Ann. art. 6252–13a (Supp.1986). In its entirety, APTRA governs the procedure applicable in *most* of those numerous causes of action, authorized in various substantive statutes, whereby affected persons dissatisfied with agency final orders are permitted to obtain judicial review of such orders, usually in a district court of Travis County. Section 16(e) of APTRA provides, however, that a motion for rehearing in the agency is a "prerequisite" to such judicial review except in emergency circumstances not applicable in Burke's case. In Burke's suit, the district court granted summary judgment against him on the ground urged: that his motion for re-

hearing before the State Board of Education lacked sufficient particularity to constitute compliance with this "prerequisite" of APTRA § 16(e).

Burke duly appealed to this Court. Concluding that certain fundamental provisions of APTRA were facially contrary to analogous procedural provisions in the TCNA, and that the two could not be reconciled, we gave controlling effect to the latter more particular provisions, holding that the Legislature did not intend that APTRA should apply to suits for judicial review under the TCNA. All the provisions of APTRA being inapplicable to Burke's case, it followed that APTRA § 16(e) did not apply and the trial court erred in rendering summary judgment against him on that basis. *Burke v. Central Education Agency,* 701 S.W.2d 306, 313 (Tex.App.1985). The Supreme Court of Texas reversed our judgment without mentioning the conflicting statutory provisions, and remanded the appeal to us to determine whether Burke's motion for rehearing, before the State Board of Education, was sufficiently specific to constitute compliance with APTRA § 16(e). *Central Education Agency v. Burke,* 711 S.W.2d 7, 9 (Tex.1986). To that issue we now turn.

## MOTIONS FOR REHEARING UNDER APTRA § 16(e)

The requirement of a motion for rehearing, filed in an administrative agency and objecting to its decision, is a familiar statutory prerequisite to the complaining party's right to seek judicial review of the decision.[1] It is, however, not a universal requirement. For example, the model act from which APTRA is basically derived does not include such a requirement. Revised Model State Administrative Act (1961); McCalla, *The Administrative Procedure and Texas Register Act,* 28 Baylor L.Rev. 445, 457–58 (1976). Unless a motion for rehearing is expressly required by stat-

1. Federal Power Act, 16 U.S.C.A. § 825*l*(a) (1985), (application for rehearing a prerequisite for appeal); Cal.Labor Code § 5902 (Supp.1986) (petition for reconsideration shall set forth in full detail every issue to be considered by the appeals board); Ill.Ann.Stat. ch. 111⅔, para. 10–113 (1986), (application for rehearing a prerequisite to appeal); Wis.Stat.Ann. § 227.49 (Supp.1986) (petition for rehearing not a prerequisite to appeal, but may be filed by a person aggrieved by a final order).

ute, none is required as a condition precedent to judicial review of the agency's final order. *See generally,* 73 C.J.S. Public Administrative Law and Procedure, § 39, at 458–61 (1983). However, APTRA § 16(e) *does* contain such a provision and the requirement of a motion for rehearing is co-extensive with the scope of APTRA itself. The requirement is said to establish "a jurisdictional prerequisite" essential to fully exhaust a complaining party's "administrative remedies," so that he might qualify as a "person who has exhausted all administrative remedies" under APTRA § 19(a) and thus become entitled to sue in district court for judicial review of the agency decision. *Lindsay v. Sterling,* 690 S.W.2d 560, 563 (Tex.1985).

Interestingly, APTRA § 16(e) is absolutely silent concerning the contents of the motion for rehearing it requires of a party who would sue for judicial review. Therefore, the statute does not prescribe any degree of specificity concerning the grounds upon which the rehearing is requested. Section 16(e) merely makes the naked requirement:

> Except as provided in Subsection (c) of this section, a motion for rehearing is a prerequisite to an appeal....

(The exception referred to relates to emergencies and is not applicable in the present appeal.) Thus, APTRA § 16(e) is totally *unlike* the rules of pleading in ordinary civil suits brought under a district court's original or other jurisdiction, in the sense that the applicable Texas Rules of Civil Procedure[2] *do* in some instances dictate the requisite contents and specificity of the pleading: Rule 321 requires that a party's motion for new trial must point out the asserted error "in such a way that the objection can be clearly identified and understood by the [trial] court"; Rule 86 requires that motions to transfer venue must "state the legal and factual basis for the transfer"; Rule 90 provides that the defects in an opponent's pleadings are waived if "not specifically pointed out by exception in writing"; and, Rule 166–A requires that motions for summary judgment "state the

specific grounds therefor." Because APTRA § 16(e) is silent regarding the *contents* of a motion for rehearing filed thereunder, and the *specificity* with which any complaints must be stated, we must turn to more general principles to arrive at what the statute requires.

The Supreme Court of Texas has stated that APTRA § 16(e) "requires that the motion for rehearing be sufficiently definite to apprise the regulatory agency of the error claimed and to allow the agency opportunity to correct the error or to prepare to defend it." *Suburban Util. Corp. v. Public Util. Com'n of Texas,* 652 S.W.2d 358, 365 (Tex.1983). In a sense, this standard begs the question. While it undoubtedly implies the necessity for fair notice to the agency regarding a dissatisfied party's contentions of error, nothing in the *Suburban* opinion or any other opinion by the Supreme Court, of which we are aware, attempts to delineate *what* will be sufficient to give fair notice. There remains the question: what must be stated in the motion for rehearing in order that it will "be sufficiently definite to apprise the regulatory agency of the error claimed and ... allow the agency opportunity to correct the error or prepare to defend it"? It is self-evident that the answer to this question must always depend largely upon the law applicable to the particular case before the agency and the evidence developed therein. Some general conclusions may nevertheless be inferred from the Supreme Court's view that APTRA § 16(e) requires the twin elements of (1) identifying the error claimed (2) with sufficient additional information that the agency may correct it or prepare to defend against the claim that it is error.

In *United Savings Assoc. of Texas v. Vandygriff,* 594 S.W.2d 163 (Tex.Civ.App. 1980, writ ref'd n.r.e.), we drew an analogy between APTRA § 16(e) and motions for new trial under Tex.R.Civ.P. 324 (1978, now amended), pointing out that a legislative committee had itself made the analogy in reporting on the bill that became APTRA. *Id.,* at 168–70. In *United Savings,* the motion for rehearing was held insufficient-

---

2. Tex.R.Civ.P.Ann. (Supp.1986).

ly specific because it failed to apprise the agency of the *legal basis* upon which the claim of error rested. In *Hooks v. Texas Department of Water Resources*, 645 S.W.2d 874 (Tex.App.1983, writ ref'd n.r.e.), we held particulars of the motion for rehearing to be insufficient for an attack upon an agency's findings of fact when the motion failed to *identify* the error claimed, as it could have done by pointing out the specific findings of fact that were asserted to be without substantial evidence to support them. In reference to the corollary defect in *United Savings, supra,* we said:

> Thus the result is the same whether the motion for rehearing fails to specify either the legal *basis* for the claim of error or the particular finding complained of: in either case, the agency is deprived of an opportunity to discover and correct the error, if any, or articulate a justification for its action.

*Hooks, supra,* at 880.

■ Therefore, we continue to interpret the Supreme Court's standard of fair notice, laid down in its *Suburban* decision, as implying that the complaining party must in his motion for rehearing set forth succinctly at least two elements pertaining to *each* contention of error: (1) the particular finding of fact, conclusion of law, ruling, or other action by the agency which the complaining party asserts was error; and (2)

the legal basis upon which the claim of error rests. Without these irreducible elements, we do not conceive that any assignment of error will apprise the agency of the error claimed so that it may correct the error or prepare against the contention that it is error. Neither requires a briefing of the law and the facts.

We should mention as well that the two elements may not be supplied solely in the form of generalities. For example, it is insufficient to state only that the agency's final order *as such*, its findings of fact *as a body*, or its conclusions of law *as a whole*, are "not supported by substantial evidence," are "arbitrary or capricious or an abuse of discretion," or that they "violate constitutional or statutory provisions," coupling such generalities with a citation to the statutory grounds (enumerated in AP-TRA § 19(e)(1)–(6)) upon which a reviewing court may reverse an agency decision when judicial review is conducted under the substantial evidence rule and not by trial de novo. To generalize in this way is to omit; and, to omit is to render doubtful what is intended to be included in such overly broad assignments of error. The agency and the reviewing court may not be forced to speculate about what the pleader intended. Certainly, they will not be bound by his subjective intentions in that regard.[3]

---

**3.** Of course, the pleader's ability to set forth in his motion for rehearing the particularities of his complaints about the agency's decision requires that the agency's final order must state specifically what the agency has determined in the contested case.

> A precise statement of ultimate facts found by an agency to be controlling of its decision in a particular case, as well as a precise statement of the underlying or basic facts from which the ultimate facts were inferred, are indispensable to any intelligent appraisal of the case by a reviewing court.
>
> A judicial tribunal called upon to review the final order of an administrative agency in a contested case cannot do so in a logical or fair manner unless it is given a statement of the basic factual propositions which the agency treated as realities [the underlying facts] and upon which the agency based its findings of ultimate fact in applying the law committed to its administration. A reviewing court simply is not equipped to determine on its own, from the general mass of evidence adduced

before the agency, and from its own vague ideas about the relevant factors, whether the agency has correctly applied the law to the evidence.... A court, being totally without expertise in such complex matters, innocent of the meaning inherent or implicit in much of the crucial evidence, uninformed about administrative polices and all the relevant factors involved and how they are assessed and accommodated by the agency, cannot from its own experience and evaluation identify any set of basic facts which might justify or demand the conclusions of law or final decision reached by the agency in the particular case under judicial review. It would be foolish for a reviewing court to presume an ability to understand and follow a "path" through a mass of highly technical, specialized, and complex evidence adduced by the agency, ultimately to conclude whether the agency's decision is reasonable or that it should be reversed on any of the grounds enumerated in APTRA § 19(e). It is only when an agency plainly states in its final

Under the foregoing rules, we shall therefore consider the sufficiency of Burke's motion for rehearing as directed by the Supreme Court.

## BURKE'S MOTION FOR REHEARING IN THE AGENCY

The relevant portions of Burke's motion for rehearing contended that the State Board of Education committed the following errors in the administrative proceeding:

[1] [The Board] erred by generally affirming the Commissioner of Education and by adopting his findings of fact and conclusions of law. These conclusions were based upon erroneous application of legal principals [sic] to the facts found.

[2] [The Board] erred by generally finding that the decision of the respondent was not arbitrary, capricious, unlawful and that it was supported by substantial evidence.

[3] [The Board] erred by implicitly finding that the procedures below did not violate the [APTRA].

[4] [The Board] erred by not finding that respondent violated the Texas Term Contract Nonrenewal Act when it nonrenewed [sic] the petitioner.

[5] [The Board] erred when it adopted the findings of fact found by the Commissioner of Education.

[6] [The Board] erred in determing [sic] that a teacher can waive a new contract which is awarded by operation of law on April 2 of the contract year by asking for a hearing after the contract is awarded.

(numeration supplied). We hold contentions of error 1–5 to be patently insufficient to apprise the agency of the error claimed and to allow it to correct any error or prepare to defend against the claim of error. Number (1) points out no particular finding of fact or conclusion of law, nor the legal principles referred to; number (2) merely restates the general statutory grounds upon which an agency decision may be reversed, without attacking any particular finding of fact, conclusion of law, or other action by the agency; number (3) fails to state the provision of APTRA referred to in the claim of error; number (4) fails to state the provision of the TCNA referred to in the claim of error and the legal basis of the claim; and, number (5) omits to identify the particular findings of fact referred to and the legal basis for the claim of error.

Assignment of error number (6) approaches the degree of particularity required by APTRA § 16(e). The legal basis of the claim is not stated, but one is able from its language to identify a particular claim of error—the Board's ostensible determination that a teacher may waive a new contract, even though it be awarded by operation of law under the applicable statute, by requesting a hearing on a local board's earlier determination not to renew the teacher's contract of employment. This facial specificity vanishes, however, when one searches the agency record for the error referred to by Burke. We cannot find that the record demonstrates that the action referred to was ever taken by the Board. Indeed, the Board actually made a conclusion of law that Burke's contract was *not* renewed by operation of law. We consequently cannot identify the error referred to and hold that this assignment of

order, as APTRA § 16(b) requires, the basic or underlying facts found by the agency from the evidence and the ultimate facts inferred from its findings of basic fact, together with any explanatory findings necessary to understand its rationale in arriving at those ultimate facts, that a court is able to evaluate the lawfulness of the agency's order. Authentic judicial review is impossible without these explicit statements.
Powers, *Judicial Review of the Findings of Fact Made by Texas Administrative Agencies in Con-*

*tested Cases,* 16 Texas Tech Law Rev. 475, 481–82 (1985). The same observations apply, whether from the standpoint of a reviewing court or that of a party required to prepare a motion for rehearing sufficient to meet the standard demanded by the *Suburban* decision. Neither is able to do what is required of it unless the agency's determinations are expressly and precisely set forth. The particularity demanded for motions for rehearing cannot be greater than the particularity required of an agency in its final order.

error also is insufficient under APTRA § 16(e).

Burke challenges the degree of specificity we attribute to APTRA § 16(e) as construed by the Supreme Court in its *Suburban* decision. He points to the following statement in *Suburban* as rejecting our interpretation of what *Suburban* requires: "where pleadings are required in administrative proceedings, their validity should not be tested by the technical niceties of pleading and practice required in court trials. *Railroad Commission of Texas v. Magnolia Petroleum Co.*, 130 Tex. 484, 109 S.W.2d 967 (1937)." *Suburban, supra* at 364, 365. We do not see the application of this statement to the present case, but we think it worthy of further discussion.

We find the quoted expression to be essentially meaningless because of the inherent elusiveness of the concept of "technical niceties." While it may once have been a contribution to analysis in a particular appellate decision,[4] it becomes an impediment to analysis if one attempts to apply it as a decisional norm or standard, as Burke would have us do. If used in that way, it amounts to no more than an imprecise groan of judicial displeasure.

■ Burke contends finally that his motion, whatever its failing with regard to particularity, was rendered sufficient by virtue of the following paragraph contained in his motion for rehearing:

Petitioner hereby incorporates by reference the papers and records already on file in this cause and in addition to the errors demonstrated in such papers, relies upon the following as additional basis [sic] for this motion:....

Burke contends that Tex.R.Civ.P. 58 permitted him to adopt by reference any contentions of error that he might have made in other papers in the administrative proceeding, thereby supplying any particularity omitted in the motion for rehearing itself. Burke argues that "[g]iven the amount of pleading before the [State Board of Education] which reiterated over and over [Burke's] position ..., it is ludicrous to suggest that the [Board] did not know what error was claimed." We reject the contention. First, Rule 58 has of course no application to administrative proceedings except by way of analogy. Second, even if Rule 58 were applicable by analogy it *would only allow* the adoption of statements in *pleadings*, which themselves must meet certain requisites under other Rules of Civil Procedure. In his present contention, Burke argues for an adoption of the entire administrative record—in effect imposing upon the agency a burden of finding its own errors in order that they might be corrected. We reject the contention on the strength of the *Suburban* decision.

We conclude the trial court did not err in its determination that Burke's motion for rehearing was insufficient to obtain judicial review of his contentions of error, and that

---

4. The decision cited for the proposition—*Railroad Commission of Texas v. Magnolia Petroleum Co.*, 130 Tex. 484, 109 S.W.2d 967 (1937)— was decided well before the effective date of the Texas Rules of Civil Procedure in 1941, and, of course, before the enactment of APTRA in 1976. The purpose of the 1941 rules was to eliminate in ordinary civil suits the "technical niceties" referred to in the *Magnolia* decision. *See* 3 Tex.Bar Journal 519, 524 (1940). On the other hand, APTRA was enacted for the contrary purpose of bringing to administrative proceedings a measure of formality, approaching somewhat the elements of a trial-type proceeding, while preserving other benefits of the administrative process. *See generally,* Harris, *An Administrative Procedure Act for Texas,* 5 Sw.L.J. 125 (1951); Shannon and Ewbank, *The Texas Administrative Procedure and Texas Register Act Since 1976—Selected Problems,* 33 Baylor L.Rev. 393, 394 (1981).

Basically, however, the instruction that administrative pleadings ought not be tested "by the technical niceties of pleading and practice required in court trials" has no meaning beyond a simple requirement of fair notice. Beyond that, it expresses not a test but a trap for the unwary as to what is and what is not a "technical nicety"; less than that, it means nothing at all and should be assigned to the place reserved for other empty and mystifying declarations such as that which states that "it has not taken much evidence under our decisions to qualify as substantial," *Lewis v. Metropolitan S. & L. Ass'n,* 550 S.W.2d 11, 13 (Tex.1977), or that which finds "substantial evidence" based in part upon the number of days consumed in the agency proceeding and the number of pages or volumes comprising the transcript of the agency proceeding.

the court correctly awarded summary judgment.

Affirmed