Adams v. Texas Bd. of Private Investigators & Private Sec. Agencies 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-280-CV





THEODORE ADAMS,



 APPELLANT


vs.





TEXAS BOARD OF PRIVATE INVESTIGATORS

AND PRIVATE SECURITY AGENCIES,

CLEMA D. SANDERS, WILLIAM P. CLEMENTS, JR.,

AND JAMES A. MATTOX,


 APPELLEES



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 478,891, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING


 




PER CURIAM

 Appellant Theodore Adams again appeals from an order of the district court of
Travis County. See Adams v. Texas Bd. of Private Investigators & Private Sec. Agencies, Nos.
3-89-201-CV & 3-90-024-CV (Tex. App.--Austin May 8, 1991, no writ) (not designated for
publication). The district court granted the pleas to the jurisdiction of appellees Texas Board of
Private Investigators and Private Security Agencies, Clema D. Sanders, William P. Clements, Jr.,
and James A. Mattox, thus dismissing Adams's suit for judicial review of the agency's revocation
of his private security officer commission. Adams raises eight points of error, and we will affirm.

 Adams, individually, and business entities in which he held an interest (Gabriel
Security and Investigation Company Security Academy, and Michael's Security Academy), were
licensed to operate private security officer training schools. In separate actions in 1985 and 1986,
the Board found that Adams instructed and conducted basic security officer training courses
consisting of less than the thirty-hour minimum requirement of instruction, failed to maintain
adequate records to show attendance and progress of grades, and issued certificates of completion
for the abbreviated courses. These actions violated Board rules and the Private Investigators and
Private Security Agencies Act (PIPSA). Act of May 23, 1983, 68th Leg., R.S., ch. 654, sec. 5,
§ 20(b), 1983 Tex. Gen. Laws 4150, 4155 (Tex. Rev. Civ. Stat. Ann. art. 4413(29bb), § 20(b),
since amended); 22 Tex. Admin. Code § 435.2, .9 (1989). Pursuant to PIPSA, the Board revoked
appellant's licenses.

 Adams filed suit in the district court of Harris County complaining of the Board's
action in revoking his licenses. The cause was removed to federal district court in Houston and
subsequently transferred to the Austin Division as Cause No. A-87-CA-346. On April 7, 1989,
the federal district court rendered summary judgment in favor of the Board.

 On October 28, 1986, Adams filed four lawsuits in the state district courts in Travis
County again complaining of the Board's actions revoking his licenses. These four suits were
consolidated into two actions. See Tex. R. Civ. P. 174(a). On June 26, 1989, the Board filed
motions to dismiss both consolidated actions on the basis that the federal-court judgment was res
judicata of the claims alleged in the state court. Pursuant to the Board's motions, the district court
dismissed the two causes, and this Court affirmed the dismissals on May 8, 1991.

 While the dispute over Adams's license to operate private security officer training
schools progressed, Adams obtained an injunction prohibiting the Board from treating his licenses
as canceled. Adams, therefore, was able to obtain a security officer commission while he litigated
the Board's previous license cancellations. The injunction was dissolved in April 1989 after the
federal district court granted summary judgment against Adams. In June 1989 the Board informed
Adams that his security officer commission was invalid due to the previous revocations of his
licenses. Adams promptly filed suit in July 1989 in Harris County (district court number
89-030599), which was transferred to Travis County on the Board's motion to transfer venue
(district court number 484,809). The Board then sent Adams a letter that stated his security
officer commission was valid and set a revocation hearing.

 In August 1989 the Board held the hearing and revoked Adams's security officer
commission effective January 5, 1990. The Board determined that the previous revocations of
Adams's licenses established that he did not meet the requirements of PIPSA sections 11B(a)(1)
and 19(f). Tex. Rev. Civ. Stat. Ann. art. 4413(29bb), §§ 11B(a)(1), 19(f) (West Supp. 1993). (1) 
On February 5, 1990, Adams filed a suit for judicial review in Travis County (district court
number 478,891) in which the district court granted the appellees's pleas to the jurisdiction. It
is from this district-court judgment that Adams appeals.

 On February 23, 1990, Adams filed yet another suit in Travis County (district court
number 479,848), which in part challenged the constitutionality of PIPSA sections 11B(a)(1) and
19(f). In June 1990 the district court consolidated the cause transferred from Harris County,
cause number 484,809, into cause number 479,848, and in October 1991 dismissed with prejudice
the consolidated cause for want of prosecution. The dismissal of the consolidated cause was not
appealed.

 The district court granted appellees' pleas to the jurisdiction and dismissed the suit
for judicial review for want of jurisdiction. The pleas to the jurisdiction were based on (1) the
insufficiency of Adams' motion for rehearing before the agency and (2) governmental immunity. 
See Administrative Procedure and Texas Register Act, Tex. Rev. Civ. Stat. Ann. art. 6252-13a
(West Supp. 1993); Burke v. Central Educ. Agency, 725 S.W.2d 393 (Tex. App.--Austin 1987,
writ ref'd n.r.e.). Adams challenges the appellees' assertion of governmental immunity in his
point of error four, but fails to attack by point of error the alternate basis on which the district
court may have granted the pleas to the jurisdiction--the insufficiency of Adams' motion for
rehearing before the agency. Because the district court did not specify the basis on which it
dismissed for want of jurisdiction, we must uphold the dismissal.

 Points of error one through three and five through eight are overruled as they do
not relate to the dismissal for want of jurisdiction. We do not reach point of error four regarding
governmental immunity because of the existence of an alternate means to affirm the district court's
dismissal.

 The judgment of the district court is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: March 10, 1993

[Do Not Publish]
1. Article 4413(29bb), section 11B(a)(1) states


 The board shall revoke or suspend any registration,
license or security officer commission, reprimand any registrant,
licensee, or commissioned security officer, or deny an application
for a registration, license, or security officer commission, or
renewal thereof, or may place on probation a person whose
registration, license, or security officer commission has been
suspended, on proof:

 (1) that the applicant, licensee, commissioned security
officer, or registrant has violated any provisions of this Act or of
the rules and regulations promulgated under this Act; . . . .


Article 4413(29bb), section 19(f) states


 No security officer commission may be issued to any
individual who is under 18 years of age, who is a convicted
felon, or who has committed any act which if committed by a
licensee would be grounds for suspension or revocation of a
license under this Act.