Gonzalez v. Texas Educ. Agency 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-440-CV





DAVID GONZALEZ,



 APPELLANT


vs.





TEXAS EDUCATION AGENCY,



 APPELLEE



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT



NO. 91-7563, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING


 




PER CURIAM

 This is a suit for judicial review of a decision of the commissioner of education. 
Appellant David Gonzalez was discharged from his employment as a teacher with the Calhoun
County Independent School District. Gonzalez appealed the action of the board of trustees by
filing a notice of appeal with the commissioner of education. See Act of May 20, 1971, 62d Leg.,
R.S., ch. 405, sec. 2, § 13.115(a), 1971 Tex. Gen. Laws 1449, 1478 (Tex. Educ. Code Ann. §
13.115(a), since amended). Gonzalez did not file a petition for review within forty-five days after
he received notice of the board of trustees' action, but later filed a motion for the commissioner
to receive a late petition for review. See 13 Tex. Reg. 5969, 5970 (1988) (former 19 Tex.
Admin. Code § 157.9(a), since repealed and recodified at 19 Tex. Admin. Code § 157.1051(a)
(1994)) ("Except where otherwise provided by law, petitioner shall file with the commissioner a
petition for review within 45 calendar days after the decision, order or ruling complained of is
first communicated to petitioner"). The commissioner concluded that Gonzalez failed to file a
timely petition for review and dismissed Gonzalez' administrative appeal for lack of jurisdiction.

 Gonzalez filed a suit for judicial review in the district court of Travis County
challenging the commissioner's decision. (1) See Tex. Educ. Code Ann. § 13.115(c) (West 1991). 
The district court affirmed the decision of appellee Texas Education Agency. Gonzalez appeals
and urges five points of error. We will affirm.

 Gonzalez' first point of error claims that the district court erred in failing to hold
that the commissioner's decision was erroneous because the provision in former section 157.9(a)
that allegedly requires Gonzalez to file a petition for review within forty-five days either (1) is
inapplicable in an appeal to the commissioner under section 13.115(a) or (2) conflicts with section
13.115(a). (2) We cannot address the merits of his first point of error, however, as Gonzalez has
waived it by not including it in his motion for rehearing before the commissioner. (3) Burke v.
Central Educ. Agency, 725 S.W.2d 393, 395-97 (Tex. App.--Austin 1987, writ ref'd n.r.e.); see
Administrative Procedure Act, Tex. Gov't Code Ann. § 2001.145 (West 1994). (4)

 Gonzalez admits that he did not preserve his first point of error in his motion for
rehearing, but instead argues that the "[district] court has jurisdiction to consider a complaint
alleging that an agency has acted in excess of its statutory authority, although such complaint has
not been preserved in a motion for a rehearing before the agency." Railroad Comm'n v. Bishop
Petroleum, Inc., 736 S.W.2d 724, 738 (Tex. App.--Waco 1987), aff'd in part and rev'd in part
on other grounds, 751 S.W.2d 485 (Tex. 1988) (citing City of Sherman v. Public Util. Comm'n,
643 S.W.2d 681, 683 (Tex. 1983)). Although Bishop Petroleum's broad statement of an
exception to the doctrine of exhaustion of administration remedies may be correct in certain
circumstances, Gonzalez's action is not such an instance. See City of Sherman, 643 S.W.2d at
683 ("As a general rule, judicial review of administrative orders is not available unless all
administrative remedies have been pursued to the fullest extent."); APA § 2001.171 ("A person
who has exhausted all administrative remedies available within a state agency and who is
aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.").

 City of Sherman reaffirmed the following exception to the doctrine of exhaustion
of administration remedies stated in Westheimer Independent School District v. Brockette:



It follows, however, that intervention by the court in administrative proceedings
may be permissible when an agency is exercising authority beyond its statutorily
conferred powers. Specifically, it has been held that when there is an absence of
jurisdiction in an administrative agency, then the doctrine of exhaustion of
administrative remedies is not applicable.



City of Sherman, 643 S.W.2d at 683; Brockette, 567 S.W.2d 780, 785 (Tex. 1978). Both City
of Sherman and Brockette were suits originating in district court to prohibit a state agency from
conducting an administrative-law action when the agency had no jurisdiction to hear the matter.

 Gonzalez obviously agrees that the commissioner generally has jurisdiction over
appeals of teacher discharges because it was Gonzalez who appealed to the commissioner. This,
therefore, is not a case in which the agency is acting wholly outside its jurisdiction, but rather a
case in which Gonzalez seeks to prove the commissioner may have made an incorrect decision
about the law. The Brockette exception cannot mean that a party complaining in district court of
adverse agency action is relieved from filing a motion for rehearing before the agency because the
agency has exceeded its statutory authority by acting wrongfully in some fashion. Were this the
law, the exception would swallow the rule because the legislature has never statutorily authorized
state agencies to act inconsistent with the law. Gonzalez failed to preserve his first point of error
by presenting it in a motion for rehearing before the commissioner and, thus, has waived it. Point
of error one is overruled.

 In points of error two and three, Gonzalez argues that the district court erred in
failing to hold that the commissioner's decision was erroneous because the decision denied
Gonzalez his right to counsel (point two) and denied him due process (point three). Gonzalez did
not raise these points in his motion for rehearing before the commissioner, and the points have
been waived. Burke, 725 S.W.2d at 395-97 (in motion for rehearing complaining party must set
forth (1) particular action by agency that complaining party alleges was error and (2) legal basis
on which claim of error rests). Points of error two and three are overruled.

 In points of error four and five, Gonzalez claims that the district court erred in
failing to hold that the commissioner's decision was erroneous because the decision was arbitrary,
capricious, and an abuse of discretion because it failed to apply equitable principles (point four)
and it failed to recognize that Gonzalez's inability to obtain counsel constituted good cause for his
delay in filing his petition for review (point five). Gonzalez's argument in his brief under points
four and five is intertwined with his argument under points of error two and three, which have
not been preserved. Stripped of his right-to-counsel and due-process arguments, Gonzalez claims
that equity demanded that the commissioner grant the motion for the commissioner to receive a
late petition for review. (5)

 The administrative record reveals, however, that the commissioner informed
Gonzalez on July 6, 1989, that he needed to file a petition for review by July 31, 1989. Gonzalez
filed his motion for the commissioner to receive a late petition for review on February 14, 1990,
198 days after the deadline. During that time Gonzalez never contacted the commissioner to
explain that he had no attorney to represent him or to request a pro se extension of time. 
Although we understand the difficulty a layperson faces in representing himself in an
administrative-law proceeding, the commissioner's action in denying the motion to receive a late
petition for review was not inequitable in light of Gonzalez's inaction. We overrule points of
error four and five.

 The judgment of the district court is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: August 17, 1994

Publish
1.   Gonzalez actually sued the Texas Education Agency rather that the person who made
the decision, Thomas E. Anderson, Jr., Interim Commissioner of Education.
2.   Gonzalez argues that the introductory clause to former section 157.9(a), "Except where
otherwise prohibited by law," was specifically included to exempt persons appealing under
section 13.115(a) from complying with the additional requirement under former section
157.9(a) of filing a petition for review. See 13 Tex. Reg. 5969 (1988) ("Some commenters
noted the discrepancy [between proposed section 157.9(a)] with Texas Education Code, §13. 115,
requiring a notice of appeal to be filed within 15 days of the decision. An introductory clause was
added stating that the rule controls except where provided by law."). As we will explain, we do
not reach the questions of: (1) whether a person appealing under section 13.115(a) must also
comply with the additional requirement under former section 157.9(a) of filing a petition for
review in order to perfect the commissioner's jurisdiction over the appeal; or (2) whether former
section 157.9(a) exempts a person appealing under section 13.115(a) from filing a petition for
review for any purpose.
3.   Gonzalez' motion for rehearing before the commissioner is straightforward:
"[Gonzalez] presents one issue on rehearing. The existence of just cause should be
determined by an equitable analysis in ruling on a Motion to Receive Out of Time Appeal."
4.   All citations in this opinion are to the current Administrative Procedure Act rather than
the former Administrative Procedure and Texas Register Act, because the recent codification
did not substantively change the law. Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 47,
1993 Tex. Gen. Laws 583, 986.
5.   Because of our disposition of point of error one, we assume for the purposes of this
appeal only that the filing of the petition for review was a jurisdictional prerequisite.