HAMAMCY 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00136-CV







Tharwat M. Hamamcy, M.D., Appellant



v.



Texas State Board of Medical Examiners and 


Attorney General, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 93-10505, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING









 Tharwat M. Hamamcy, M.D., sued for judicial review of the Texas Board of
Medical Examiners' decision that revoked his license to practice medicine. The trial court
dismissed the suit for lack of jurisdiction. We will affirm the trial court's judgment.

 As a preliminary matter, the State complains in its brief that appellant has violated
the briefing rules. Tex. R. App. P. 74 (c), (d), (f). We agree. Appellant's brief does not follow
the format specified in the rules. It is difficult to decipher from appellant's brief whether he is
complaining about the Board's revocation of his license, or complaining of past Board actions that
he claims impaired or limited his license or in some way improperly affected credentials over
which the Board had no authority. (1) Nevertheless, appellant is proceeding pro se, and, in the
interests of justice, we will consider his cause on the merits to the degree that we can. See
Williams v. Khalaf, 802 S.W.2d 651, 658 (Tex. 1990). We interpret his brief as complaining
about the license revocation.



Background


 On June 25, 1993, the Texas State Board of Medical Examiners, acting under the
authority of the Medical Practices Act, revoked appellant's license to practice medicine. Tex. Rev.
Civ. Stat. Ann. art. 4495b §§ 4.01(a), 4.12 (West Supp. 1995). The revocation order included
a recitation of the Board's findings of facts and conclusions of law and concluded that appellant
had failed to practice medicine in a manner consistent with preserving public health and welfare
and had engaged in unprofessional conduct that was likely to injure the public.

 Appellant timely filed a motion for rehearing, which was overruled. Before the
Board acted on the motion for rehearing, appellant filed a suit for monetary damages. (2) He later
filed an additional suit seeking injunctive relief and a third suit, the subject of this appeal, seeking
judicial review of the Board's decision.




District Court Jurisdiction


 Under the Administrative Procedure Act, before seeking judicial review of a final
order in an administrative proceeding, a litigant must file a motion for rehearing with the agency. 
Tex. Gov't Code Ann. § 2001.145 (West 1995) (APA). That motion must sufficiently notify the
agency of the error claimed so that the agency can either correct or defend the error. Suburban
Util. Corp. v. Public Util. Comm'n, 652 S.W.2d 358, 365 (Tex. 1983). More specifically, for
each contention of error the motion must set forth the fact finding, legal conclusion, or ruling
complained of and the legal basis of that complaint. Burke v. Central Educ. Agency, 725 S.W.2d
393, 397 (Tex. App. 1987, writ ref'd n.r.e.).

 After stating that the document was a motion for rehearing, the motion filed at the
agency stated, in its entirety, that "[t]he presentation of the discussion at the hearing will be done
from the charts of the patients and from the records on file with the Board." Although the
specificity of a motion for rehearing is generally not jurisdictional in nature, we have held that
a motion for rehearing can be so indefinite, vague and general as to constitute no motion for
rehearing at all. Testoni v. Blue Cross and Blue Shield of Texas, Inc., 861 S.W.2d 387, 391
(Tex. App.--Austin 1992); Burke, 725 S.W.2d at 397. The motion in the present case is not
sufficient to confer jurisdiction on the district court. The district court therefore correctly
dismissed for lack of jurisdiction. Burke, 725 S.W.2d at 397; Testoni, 861 S.W.2d at 391; cf.
Dolenz v. Texas State Bd. of Medical Examiners, No. 03-93-00229-CV (Tex. App.--Austin
May 31, 1995, no writ h.). 


 We affirm the trial court's judgment.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: May 31, 1995

Publish


1. [1] At times, he complains of his license being defective or of having the only license in Texas
based on "medical credentials of the unknown quality of medical education and medical training."
2. [2] This suit was cause number 93-07768, from which appellant apparently did not appeal.