# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00442-CV

**Ephen Stephens, Inc. d/b/a Anderson Mill Tavern, Appellant**

**v.**

**Texas Alcoholic Beverage Commission, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. GN003480 HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

Appellant Ephen Stephens, Inc. d/b/a Anderson Mill Tavern, appeals the district court's judgment affirming an order of appellee, the Texas Alcoholic Beverage Commission ("TABC"), concluding that appellant's employee sold alcohol to an intoxicated person in violation of the Texas Alcoholic Beverage Code ("Code"). *See* Tex. Alco. Bev. Code Ann. § 11.16(b)(14) (West Supp. 2002). Based in part on this finding, the TABC suspended appellant's license to sell alcoholic beverages and assessed an administrative penalty. Appellant contends that the TABC's finding that appellant's employee sold alcohol to an intoxicated person was not based on the correct legal standard and was not supported by substantial evidence. We will affirm the judgment.

At a hearing before an administrative law judge ("ALJ"), TABC investigators testified that they saw a customer stumble into a nearby table. An investigator followed the customer into the restroom, where she found the customer mumbling and attempting to urinate into the sink. The customer's eyes were bloodshot, her speech slurred, and her balance poor. When she eventually got

into a stall, she stumbled into the walls. She left the restroom trailing toilet paper from her clothing. She then disrupted a game of pool and attempted vainly to dance. The investigator described the customer as "not all there." The customer made her way to a barstool at "last call," but when queried for an order she could not answer; the bartender returned to her after a bit, took her order, and served her drinks.

Appellant's bartender recalled that loud music was playing at last call. He recalled the customer sitting on a barstool and seeming indecisive, so he went to serve other customers while she made up her mind. He testified that when he returned, she ordered, and he served the drinks. He testified that he did not recall noticing any of the common indicators of intoxication such as slurred speech, impaired motor skills, complaining about the atmosphere in the bar, or mood shifts; he said that the smoke and fog and lateness of the hour render bloodshot eyes an inaccurate indicator of intoxication in a bar at closing time.

The ALJ proposed finding that an employee of appellant served an alcoholic beverage to an intoxicated person and concluding that appellant thereby violated state law. *See* Code § 11.61(b)(14) (West Supp. 2002). The ALJ's proposed findings and conclusions were based on his summaries of the witnesses' testimony and his discussion section in which he stated that "[t]he preponderance of the evidence suggests that [the customer] was clearly intoxicated, a fact that Respondent does not dispute. Although [the bartender] testified that he did not notice signs of intoxication, the evidence from the TABC agents is convincing. It is highly improbable that anyone in contact with [the customer[1]] would fail to notice her condition." Based on this and a conclusion

_____

[1] The ALJ actually used the bartender's name here. As appellant notes, the use of the bartender's name was obviously a misstatement; the ALJ should have put the customer's name there instead. Both the summaries of testimony and the ALJ's proposed finding using the customer's name

2

that appellant's employee was intoxicated on its premises in violation of Code section 11.61(b)(13), the ALJ recommended suspending appellant's permits for fourteen days unless appellant paid $2800 in civil penalties.

The TABC adopted the ALJ's proposed findings of fact and conclusions of law as well as the recommended penalties. The district court reversed the TABC's conclusion regarding Code section 11.61(b)(13), but affirmed as to the violation of Code section 11.61(b)(14).

Appellant raises two issues on appeal. It contends that the finding that its employee sold alcohol to an intoxicated person was not based on the correct standard and was not supported by substantial evidence.

The TABC contends that appellant failed to preserve these issues on appeal because it did not raise them in its motion for rehearing before the ALJ.[2] We have held that, "[i]n its motion for rehearing, a complaining party must direct the regulatory body to (1) the particular finding of fact, conclusion of law, ruling, or other action by the agency that the complaining party asserts was error; and (2) the legal basis upon which the claim of error rests." *See Central Power & Light Co./Cities of Alice v. Public Util. Comm'n*, 36 S.W.3d 547, 569 (Tex. App.—Austin 2000, pet. denied); *Burke v. Central Educ. Agency*, 725 S.W.2d 393, 397 (Tex. App.—Austin 1987, writ ref'd n.r.e.). Assessed strictly against the *Burke* standard, appellant's motion for rehearing did not preserve the

as the intoxicated person support this revision of the discussion section.

[2] Though the clerk's record on appeal contains the transcription of the hearing before the ALJ, it does not contain any documents filed in the administrative proceeding—*e.g.*, the proposal for decision, the exceptions to the proposal for decision, the motion for rehearing, and the TABC's order. The parties have attached these listed documents as appendices to their appellate briefs. Because the parties have not objected to the documents contained in the appendices, we will proceed without delaying proceedings for preparation of a supplemental clerk's record.

errors asserted here because the motion did not expressly direct the TABC to reject a particular proposed finding or any expression of the standard of review.

Appellant did, however, request in its motion for rehearing that the TABC consider appellant's exceptions to the ALJ's proposed decision. In those exceptions, appellant expressly excepted to the proposed finding that its employee served an alcoholic beverage to an intoxicated person. Appellant requested instead a finding that its employee *unknowingly* served an alcoholic beverage to an intoxicated person, and requested a conclusion that such service did not violate section 11.61(b)(14).

We need not decide whether this presentation of these complaints preserved error for this appeal, however, because we find that appellant's arguments lack merit.

By its first issue, appellant argues that the TABC's order is based on an improper standard. Section 11.61 lists bases for suspending permits for not more than 60 days if "any of the following is true: . . . (14) the permittee sold or delivered an alcoholic beverage to an intoxicated person." *Id.* § 11.61(b). The ALJ concluded that appellant violated this statute without requiring that appellant knew the customer was intoxicated. Appellant advocates importing the standard of proof applicable to the dram shop liability and imposing it on the permit-revocation statutes. *See* Tex. Alco. Bev. Code Ann. §§ 2.02 (Dram Shop Act) & 11.61(b)(14) (permit revocation) (West 1995 & Supp. 2002). The Dram Shop Act states in part as follows:

> (b) Providing, selling, or serving an alcoholic beverage may be made the basis of a statutory cause of action under this chapter and may be made the basis of a revocation proceeding under Section 6.01(b) of this code upon proof that:
>
> (1) at the time the provision occurred it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was

4

> obviously intoxicated to the extent that he presented a clear danger to himself and others; and
>
> (2) the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered.

*Id.* § 2.02. Appellant argues that the standard under section 11.61 similarly should be "whether a reasonably prudent person in the position of the bartender would have observed that the patron was obviously intoxicated when he sold the alcoholic beverage to her." Appellant sees no reason to assess the culpability needed to impose administrative sanctions on the seller of alcoholic beverages to an intoxicated person who does not injure a third party differently than we assess the culpability needed to impose civil liability on the seller of alcoholic beverages to an intoxicated person who injures another.

We conclude, however, that the distinction between the two standards is both required by law and rational. The plain language of the statutes indicates that different standards apply; the Dram Shop Act contains the words "obviously intoxicated" and "apparent to the provider" (*see id.* § 2.02), but the permit-suspension statute has no such requirement. *See id.* § 11.61. The rational basis for such a distinction is that the greater harm (injury of a third party) creates exposure to greater liability for the provider and requires more proof. Under the statutory scheme, serving alcohol to an intoxicated person who does not harm anyone exposes the seller only to administrative penalties. *See id.* § 11.61. But serving alcohol to an obviously intoxicated person who then harms someone else exposes the seller not only to administrative penalty, but to potential civil damages. *See id.* § 2.02. We note that the proof that triggers dram-shop liability also supports the administrative penalties. *See Fay-Ray Corp. v. Texas Alcoholic Beverage Comm'n*, 959 S.W.2d 362, 366 (Tex. App.—Austin 1998, no pet.).

5

We conclude that the ALJ properly declined to apply the higher standard of section 2.02 to the alleged violation of 11.61. We resolve issue one in favor of the district-court judgment.

By its second issue, appellant argues that the ALJ's finding of a violation of section 11.61(b)(14) was not supported by substantial evidence. Our resolution of the first issue moots our consideration of this issue because appellant concedes that "yes, [the customer] was intoxicated and yes, [the bartender] sold her an alcoholic beverage."

We further conclude that substantial evidence supports the finding of a violation even under appellant's suggested standard. Although the bartender testified that he did not notice that the customer was intoxicated when he sold her alcohol, the TABC agents testified that the customer was stumbling around the bar (though she was seated when she ordered her drink at last call), had bloodshot eyes and slurred speech, appeared intoxicated, described herself to investigators as drunk, and had trouble articulating her order to the bartender at last call. There is substantial evidence to support a finding that a reasonably prudent bartender would have noticed that she was obviously intoxicated. We also resolve issue two in favor of the judgment.

We affirm the district-court judgment.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: March 28, 2002

6

Do Not Publish