**Ernest TESTONI, Appellant,**

v.

**BLUE CROSS AND BLUE SHIELD OF TEXAS, INC., Employees Retirement System of Texas and Steven L. Martin, Appellees.**

**No. 3-91-297-CV.**

Court of Appeals of Texas, Austin.

Oct. 7, 1992.

Rehearing Denied Oct. 7, 1992.

Publication Ordered Aug. 26, 1993.

---

I. Nelson Heggen, Houston, for appellant.

Michael S. Hull, Brown Maroney & Oaks Hartline, Austin, for Blue Cross and Blue Shield of Texas, Inc.

Dan Morales, Atty. Gen., Brooks Wm. (Bill) Conover, III, Asst. Atty. Gen., Austin, for Employees Retirement System of Texas and Steven L. Martin.

Before CARROLL, C.J., and JONES and KIDD, JJ.

## ON MOTION FOR REHEARING

KIDD, Justice.

We withdraw our opinion and judgment, dated July 1, 1992, and substitute the following therefor.

Appellant Ernest Testoni ("Testoni") filed suit in district court against Blue Cross and Blue Shield of Texas, Inc. ("Blue Cross") and

Employees Retirement System of Texas and its hearing examiner, Steve L. Martin, (collectively "ERS") contesting denial of a claim under Testoni's medical policy. That suit was purportedly a suit for judicial review of a final order of ERS pursuant to the Administrative Procedure and Texas Register Act (APTRA). *See* Tex.Rev.Civ.Stat.Ann. art. 6252–13a (Supp.1992). Testoni appeals from a take-nothing final judgment of the district court in favor of Blue Cross, which incorporated an interlocutory order dismissing the case as to ERS for lack of jurisdiction. We will reverse the district court judgment and render judgment that the cause be dismissed for want of jurisdiction.

## BACKGROUND

Testoni's wife received private nursing care during the last seven months of her life. Blue Cross denied the reimbursement claim for lack of medical necessity. Testoni filed an administrative appeal with ERS. After a contested administrative hearing, ERS also denied the claim. Testoni, in his letter acknowledging receipt of the decision, moved for rehearing on the basis that he did not agree with the decision but did not specify any error. The sufficiency of this request is at issue in this case. ERS took no action, and the motion was eventually overruled by operation of law. ERS sent Testoni a certificate notifying him that his motion had been overruled by operation of law along with a cover letter advising him of the review procedures provided by APTRA. The effect of these letters is also at issue in this case.

Testoni subsequently filed suit in the Travis County district court seeking judicial review of the agency ruling and asserting, for the first time, common-law causes of action against Blue Cross, e.g., breach of contract and warranty, violation of the implied covenant of good faith and fair dealing, and violation of both the Deceptive Trade Practices-Consumer Protection Act and the Insurance Code,[1] (hereafter "extra-contractual claims").

ERS filed a plea to the jurisdiction asserting sovereign immunity and further alleging

that because Testoni's motion for rehearing in the agency lacked the specificity required by APTRA it failed to preserve error for review, and the district court lacked jurisdiction over the case. A hearing was held on January 2, 1990, at which Testoni failed to appear. On January 16, 1990, the court ordered that the plea of ERS be granted and "that this cause be dismissed for want of this court's jurisdiction."

In September 1990, Testoni requested discovery from Blue Cross. In response, Blue Cross filed a motion to quash claiming, among other reasons, that the extra-contractual common-law and statutory causes would be barred if the ERS decision on the coverage claim were upheld. Blue Cross next filed a plea to the jurisdiction as to all claims not part of the review of the administrative agency and also asserting Testoni failed to properly exhaust administrative remedies. The district court granted the motion to quash, partially granted the plea to the jurisdiction by dismissing the administrative appeal, and rendered a final judgment that *res judicata* barred the extra-contractual claims. As part of that judgment, the court characterized its prior order of January 16, 1990, as an interlocutory order affecting Testoni's claims only against ERS.

Testoni raises three points of error on appeal: (1) that the district court erred by finding *res judicata* barred the extra-contractual claims; (2) that the district court erred by quashing discovery; and (3) that the district court erred in granting the pleas to the jurisdiction. ERS and Blue Cross both raised cross-points challenging the timeliness of this appeal by asserting the finality of the January 16, 1990, order.

## DISCUSSION AND HOLDING

*Cross–Points of Error*

■ We will first address the cross-points since they attack this Court's jurisdiction to hear this appeal. Both Blue Cross and ERS bring a cross point of error contending that the January 16 order dismissing the case

---

1. Tex.Bus. & Com.Code Ann. §§ 17.41–17.63 (1987 & Supp.1992); Tex.Ins.Code Ann. art.   21.21 (1981 & Supp.1992).

created an appealable order, and that by failing to perfect his appeal at that time, Testoni has waived the right. The January 1990 order ruled on a plea to the jurisdiction filed only by ERS. Further, the plea asserted an affirmative defense to the extra-contractual claims which was not available to Blue Cross. Therefore, the order could not have intended to dismiss all claims as to Blue Cross. Nor did the order purport to sever ERS allowing appeal on that part of the case. We hold that the trial court's January 16, 1990, order was interlocutory in nature and was not appealable until incorporated into the final judgment. Cross-points of error of both ERS and Blue Cross are overruled.

*Extra–Contractual Common–Law and Statutory Causes of Action*

■■■■ In point of error one, Testoni contends that the district court erred in finding *res judicata* barred his common-law and statutory claims against Blue Cross because there was no basis for its ruling in the evidence or pleadings.[2] We agree with Testoni that *res judicata* is an affirmative defense that must be asserted in an answer, a motion for summary judgment or a motion for judgment on the pleadings. Blue Cross filed neither of these pleadings. The only motions before the trial court were Blue Cross's plea to the jurisdiction and motion to quash discovery. Although we reverse the trial court's judgment to the extent it is based on *res judicata* grounds, we do not remand for a new trial since we hold that the trial court lacked jurisdiction over the extra-contractual claims as well as the review of the administrative agency decision.

Testoni's insurance coverage was provided pursuant to membership in the Employees Retirement System. Coverage and the right of reimbursement under ERS policies were created by the Legislature, not common law. *Employees Retirement Sys. v. Blount,* 709 S.W.2d 646, 647 (Tex.1986). The Texas Supreme Court has held that when the Legislature creates a right, it can also restrict the remedies available and the means of deter-

mining their enforcement. *See Texas Catastrophe Property. Ins. Ass'n v. Council of Co-Owners of Saida II Towers Condo. Ass'n,* 706 S.W.2d 644, 645–46 (Tex.1986). The *Saida Towers* case involved landowner hurricane-damage claims that were denied by the State Board of Insurance. The court held that the landowner's right to obtain benefits arose solely as a result of the Texas Catastrophe Property Insurance Act, not common law. *Id.* at 646. Therefore, the court required the claimant to follow the strict procedures of APTRA to resolve *all* disputes arising from a denial of payment for a claim. *Id.* at 647. *Blount* essentially enunciated the same rules for claims involving ERS employee benefits. *See Blount,* 709 S.W.2d at 647. This Court, on the heels of *Saida Towers* and *Blount,* has required all statutory causes of action arising on a legislatively created claim to be brought before the agency as part of a contested hearing. *Leisure Servs., Inc. v. Texas Catastrophe Property. Ins. Ass'n,* 712 S.W.2d 266, 268 (Tex.App.1986, writ ref'd n.r.e.); *see also Beyer v. Employees Retirement Sys.,* 808 S.W.2d 622 (Tex.App.1991, writ denied).

Thus, Testoni was required first to file all of his claims for relief related to the insurance coverage denial at the agency level before pursuing them on review in district court. He failed to do this with his extra-contractual claims against Blue Cross. Therefore, those claims were barred for failure to exhaust administrative remedies, and the district court had no jurisdiction. Because we hold that the trial court lacked jurisdiction to render any judgment on the merits, point of error one is sustained.

*Motion to Quash Discovery*

■■■ In point of error two, Testoni contends that the district court improperly quashed discovery, preventing Testoni from addressing the issues on which judgment was granted. To be error, a trial court's refusal to permit discovery must constitute an abuse of discretion. *Sneed v. H.E. Butt Grocery Co.,* 569 S.W.2d 555, 556–57 (Tex.Civ.App. 1978, writ ref'd n.r.e.). The test is whether

---

**2.** At oral argument counsel for Testoni conceded that sovereign immunity protects ERS from suit on these claims, and waives this point as to ERS.

Therefore, we consider this point only with regard to Blue Cross.

the action was so arbitrary and unreasonable as to amount to prejudicial error. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). We do not find the district court's actions in this case unreasonable.

As ERS points out in its brief, this was an appeal from an administrative agency governed by substantial evidence review. On substantial evidence review, only the record before the agency should be considered by the court. *Texas State Bd. of Dental Examiners v. Sizemore,* 759 S.W.2d 114 (Tex. 1988).[3] Therefore, since this was an administrative appeal, there was no reason to conduct discovery. The district court did not abuse its discretion in granting the motion to quash. Point of error two is overruled.

*Plea to the Jurisdiction*

 In point of error three, Testoni contends that the district court erred in granting both pleas to the jurisdiction because ERS had judicially admitted that Testoni had complied with all necessary prerequisites for judicial review. Testoni contends that the certificate overruling his motion for rehearing and the accompanying cover letter from ERS judicially admitted that the motion met all the specificity requirements. We disagree.

In this case, the certificate states only that the motion for rehearing was overruled by operation of law. The cover letter states, "By this action, you have exhausted your administrative remedies. You may now appeal to District Court should you so desire." Testoni confuses the specificity required of a motion for rehearing in order to preserve error with the exhaustion of administrative remedies that was satisfied with the overruling of his motion by operation of law. By stating in these documents that Testoni's motion for rehearing had been overruled and that he had exhausted administrative remedies, ERS was commenting not on the *content* of Testoni's motion but only on the procedural steps that were then available to him. The ERS notice simply informed Testoni that all procedural steps available at the agency level had been exhausted.

In order to file an appeal from an administrative decision, a motion for rehearing must be filed with the agency. *See* APTRA § 16(e). That motion must sufficiently notify the agency of the error claimed so that the agency can either correct or defend the error. *Suburban Util. Corp. v. Public Util. Comm'n,* 652 S.W.2d 358, 365 (Tex.1983). More specifically, for each contention of error the motion must set forth the fact finding, legal conclusion, or ruling complained of and the legal basis of that complaint. *Burke v. Central Tex. Educ. Agency,* 725 S.W.2d 393, 397 (Tex.App.1987, writ ref'd n.r.e.). The specificity required is part of the jurisdictional nature of the motion for rehearing. *See id.* The motion in this case, which merely requested rehearing, is not sufficient to meet this standard, preserve error, or provide jurisdiction.[4]

Further, an agency is not allowed to waive jurisdictional requirements. *Lindsay v. Sterling,* 690 S.W.2d 560, 563 (Tex.1985); *Texas Ass'n of Long Distance Tel. Co. v. Public Util. Comm'n,* 798 S.W.2d 875, 881 (Tex.App.1990, writ denied). In *Lindsay,* the Texas Supreme Court held that even though the agency had participated in an appeal to both the district court and the court of appeals, the agency's actions could not operate to waive the motion for rehearing requirement of APTRA. *Lindsay,* 690 S.W.2d at 563. Since a non-waivable jurisdictional defect existed, the district court correctly granted the pleas to the jurisdiction. Point of error three is overruled.

The final judgment of the district court is reversed and judgment is rendered dismissing the cause for want of jurisdiction.

JONES, J., not participating.

---

3. APTRA § 19(d)(3) provides a limited exception not applicable in this case.

4. The motion is part of one sentence in a letter from Testoni's counsel to the ERS. In its entirety the sentence reads, "Mr. Testoni does not agree with this result and he hereby moves for rehearing on the decision rendered to deny the payment of benefits for nursing care."