Tharwat M. HAMAMCY, M.D., Appellant

v.

TEXAS STATE BOARD OF MEDICAL EXAMINERS and Attorney General, Appellees.

No. 03–94–00136–CV.

Court of Appeals of Texas, Austin.

May 31, 1995.

Rehearing Overruled July 12, 1995.

Tharwat M. Hamamcy, M.D., Laguna Vista, appellant pro se.

Dan Morales, Atty. Gen., Stuart W. Bowen, Jr., Asst. Atty. Gen., Gen. Counsel Div., and Jennifer Gilchrist, Asst. Atty. Gen., Administrative Law Section, Austin, for appellees.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

Tharwat M. Hamamcy, M.D., sued for judicial review of the Texas Board of Medical Examiners' decision that revoked his license to practice medicine. The trial court dismissed the suit for lack of jurisdiction. We will affirm the trial court's judgment.

As a preliminary matter, the State complains in its brief that appellant has violated the briefing rules. Tex.R.App.P. 74(c), (d), (f). We agree. Appellant's brief does not follow the format specified in the rules. It is difficult to decipher from appellant's brief whether he is complaining about the Board's revocation of his license, or complaining of past Board actions that he claims impaired or limited his license or in some way improperly affected credentials over which the Board had no authority.[1] Nevertheless, appellant is proceeding pro se, and, in the interests of justice, we will consider his cause on the merits to the degree that we can. *See Williams v. Khalaf*, 802 S.W.2d 651, 658 (Tex.1990). We interpret his brief as complaining about the license revocation.

### Background

On June 25, 1993, the Texas State Board of Medical Examiners, acting under the authority of the Medical Practices Act, revoked appellant's license to practice medicine. Tex. Rev.Civ.Stat.Ann. art. 4495b §§ 4.01(a), 4.12 (West Supp.1995). The revocation order included a recitation of the Board's findings of facts and conclusions of law and concluded that appellant had failed to practice medicine in a manner consistent with preserving public health and welfare and had engaged in unprofessional conduct that was likely to injure the public.

Appellant timely filed a motion for rehearing, which was overruled. Before the Board acted on the motion for rehearing, appellant filed a suit for monetary damages.[2] He later

---

1. At times, he complains of his license being defective or of having the only license in Texas based on "medical credentials of the unknown quality of medical education and medical training."

2. This suit was cause number 93–07768, from which appellant apparently did not appeal.

filed an additional suit seeking injunctive relief and a third suit, the subject of this appeal, seeking judicial review of the Board's decision.

### District Court Jurisdiction

 Under the Administrative Procedure Act, before seeking judicial review of a final order in an administrative proceeding, a litigant must file a motion for rehearing with the agency. Tex.Gov't Code Ann. § 2001.145 (West 1995) (APA). That motion must sufficiently notify the agency of the error claimed so that the agency can either correct or defend the error. *Suburban Util. Corp. v. Public Util. Comm'n,* 652 S.W.2d 358, 365 (Tex.1983). More specifically, for each contention of error the motion must set forth the fact finding, legal conclusion, or ruling complained of and the legal basis of that complaint. *Burke v. Central Educ. Agency,* 725 S.W.2d 393, 397 (Tex.App.1987, writ ref'd n.r.e.).

■ After stating that the document was a motion for rehearing, the motion filed at the agency stated, in its entirety, that "[t]he presentation of the discussion at the hearing will be done from the charts of the patients and from the records on file with the Board." Although the specificity of a motion for rehearing is generally not jurisdictional in nature, we have held that a motion for rehearing can be so indefinite, vague and general as to constitute no motion for rehearing at all. *Testoni v. Blue Cross and Blue Shield of Texas, Inc.,* 861 S.W.2d 387, 391 (Tex.App.—Austin 1992); *Burke,* 725 S.W.2d at 397. The motion in the present case is not sufficient to confer jurisdiction on the district court. The district court therefore correctly dismissed for lack of jurisdiction. *Burke,* 725 S.W.2d at 397; *Testoni,* 861 S.W.2d at 391; *cf. Dolenz v. Texas State Bd. of Medical Examiners,* 899 S.W.2d 809 (Tex.App.—Austin 1995, no writ h.).

We affirm the trial court's judgment.

POWERS, Justice, dissenting.

The appellate record in this cause contains neither the original nor a certified copy of the agency record, although the agency rec-

ord was apparently filed in the district court. Accordingly, for the reasons expressed in my dissenting opinion in *Dolenz v. Texas State Bd. of Medical Examiners,* 899 S.W.2d 809 (Tex.App.—Austin 1995, no writ h.), I would abate the appeal and direct that the clerk of the district court furnish us the original or certified copy of the agency record filed in the cause pursuant to the Administrative Procedure Act, Tex.Gov't Code Ann. § 2001.175(b) (West 1995).

I therefore respectfully dissent.