TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00191-CV






John M. Fink, M.D., Appellant



v.



Texas State Board of Medical Examiners, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 97-08177, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING






 Appellee, Texas State Board of Medical Examiners (the "Board"), issued a final
order authorizing the public reprimand of appellant John M. Fink, M.D., for appellant's violations
of the Medical Practice Act. The trial court dismissed appellant's suit for judicial review of the
order on the basis that his motion for rehearing before the Board was insufficient. Appellant
appeals the order of dismissal, urging in a single point of error that the trial court erred by holding
that his motion for rehearing was not sufficient to confer jurisdiction. We will affirm the trial
court's order of dismissal.


BACKGROUND

 The Board filed a complaint against appellant with the State Office of
Administrative Hearings in June 1995 alleging appellant's violations of the Medical Practice Act. 
See Tex. Rev. Civ. Stat. Ann. art. 4495b, §§ 3.08(4), .08(18), 4.03 (West 1999). An
administrative law judge ("ALJ") heard the matter but issued a proposal for decision
recommending that no disciplinary action be taken against appellant. On May 9, 1997, the Board
vacated the proposed order and ruled that the ALJ's proposal for decision was against the weight
of the evidence and was not sufficient to protect the public interest. See 22 Tex. Admin. Code
§§ 187.34(d)(2), .34(d)(5) (West 1998) (circumstances under which the Board may vacate a
proposed order of the ALJ). The Board instead adopted the recommendations of Board staff. The
Board's final order concluded that appellant had "exhibited unprofessional and dishonorable
conduct likely to injure the public" and that he had failed "to practice medicine in an acceptable
manner consistent with public health and welfare." See Tex. Rev. Civ. Stat. Ann. art. 4495b,
§§ 3.08(4), .08(18) (West 1999). The order authorized the public reprimand of appellant. See
id. § 4.12(a)(2). 

 Appellant filed a motion for rehearing in the form of a letter that reads: (1) 


Please consider this as a Motion for Rehearing and Reconsideration of this matter
by the Board. I ask that the Board reconsider its decision of May 9, 1997, to
publicly reprimand Dr. Fink. Judge Norman's Proposal for Decision is lucid and
comprehensive. It is also narrowly focused on the facts placed in issue in the
complaint. Therefore, I respectfully request the Board to review the Proposal for
Decision, reconsider the Board's action of May 9, and thereafter adopt the Findings
of Fact and Conclusions of Law suggested by Judge Norman.



Appellant's motion for rehearing was overruled. Thereafter, appellant filed a petition for judicial
review and the Board responded with a plea to the district court's jurisdiction. The Board's plea
complained that appellant's motion for rehearing was insufficient to confer jurisdiction on the
district court because it failed to identify which of the Board's findings of fact or conclusions of
law he challenged, and it failed to identify any legal basis for appellant's assertion of error by the
Board. The district court agreed and dismissed appellant's petition for judicial review for want
of jurisdiction, ruling that appellant's motion for rehearing "was not sufficiently definite to comply
with the requirements of APA § 200l.145, because it failed to identify the findings, conclusion,
or action by the Board which Dr. Fink claimed to be erroneous or the legal basis upon which he
based a claim of error." In appellant's sole point of error, he argues that his motion for rehearing
was sufficient to confer jurisdiction because it gave the Board notice of the error he complained
of so that the Board could either correct or defend the error. 


DISCUSSION

 A timely motion for rehearing is a prerequisite to a suit for judicial review of a
decision in a contested case. See Administrative Practice Act, Tex. Gov't Code Ann.
§ 2001.145(a) (West 1999). "The purpose of a motion for rehearing of an agency order is to
provide an agency notice that a party is dissatisfied with a final order and that the party will seek
review if the ruling is not changed." Dolenz v. State Bd. of Medical Examiners, 899 S.W.2d 809,
811 (Tex. App.--Austin 1995, no writ). A motion for rehearing must meet the standard of fair
notice stated in Suburban Utility Corp. v. Public Utility Commission, 652 S.W.2d 358, 365 (Tex.
1983), which requires that the motion be "sufficiently definite" to put the agency on notice of the
error claimed so that the agency can have the opportunity to correct or defend such errors. See
id. This Court, in Burke v. Central Texas Education Agency, 725 S.W.2d 393, 397 (Tex.
App.--Austin 1987, writ ref'd n.r.e.), explained that the motion for rehearing must state for each
contention of error: "(1) the particular finding of fact, conclusion of law, ruling, or other action
by the agency which the complaining party asserts was error; and (2) the legal basis upon which
the claim of error rests." Burke, 725 S.W.2d at 397. These two requirements may not be
satisfied "solely in the form of generalities." Id.

 The Board's assertion that appellant's motion did not satisfy the specificity
requirements was the sole basis of its plea to the district court's jurisdiction. A plea to the
jurisdiction brings the court's subject matter jurisdiction over the cause of action into question. 
See Dolenz, 899 S.W.2d at 811. A trial court has no alternative but to dismiss a suit where it
lacks jurisdiction. See Qwest Microwave, Inc. v. Bedard, 756 S.W.2d 426, 440 (Tex.
App.--Dallas 1988, orig. proceeding). The specificity requirements are "part of the jurisdictional
nature of the motion for rehearing" in a suit for judicial review of an administrative decision. 
Testoni v. Blue Cross and Blue Shield, 861 S.W.2d 387, 391 (Tex. App.--Austin 1992, no writ). 

 In the Testoni case, this Court reviewed for sufficiency a motion for rehearing that
read simply: "Mr. Testoni does not agree with this result and he hereby moves for rehearing on
the decision rendered to deny the payment of benefits for nursing care." Testoni, 861 S.W.2d at
391 n.4. We held that Testoni's motion did not state the fact finding, legal conclusion, or ruling
being complained of or the legal basis of his complaint, and thus, "[t]he motion in this case, which
merely requested rehearing, is not sufficient to meet this standard, preserve error, or provide
jurisdiction." Id. at 391.

 Appellant's motion for rehearing, though longer than the one sentence request held
insufficient in Testoni, is essentially the same in its lack of specificity. The motion merely
requests that the Board follow the ALJ's proposal for decision; it fails to specify the fact finding,
legal conclusion, or ruling of which appellant complains as well as the legal basis for the
complaint. Thus, the trial court correctly ruled that the motion for rehearing failed to confer
jurisdiction on the district court. See Dolenz, 899 S.W.2d at 811; Testoni, 861 S.W.2d at 391;
Burke, 725 S.W.2d at 397. Accordingly, we hold that the trial court did not err by dismissing
appellant's petition for review. 


CONCLUSION

 The trial court's order of dismissal is affirmed. 



 

 Marilyn Aboussie, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: March 18, 1999

Do Not Publish



 Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998). 
1. Appellant filed a second motion for rehearing in the form of a pleading; the second motion uses
more formal language but is identical in substance.



at his motion for rehearing
was sufficient to confer jurisdiction because it gave the Board notice of the error he complained
of so that the Board could either correct or defend the error. 


DISCUSSION

 A timely motion for rehearing is a prerequisite to a suit for judicial review of a
decision in a contested case. See Administrative Practice Act, Tex. Gov't Code Ann.
§ 2001.145(a) (West 1999). "The purpose of a motion for rehearing of an agency order is to
provide an agency notice that a party is dissatisfied with a final order and that the party will seek
review if the ruling is not changed." Dolenz v. State Bd. of Medical Examiners, 899 S.W.2d 809,
811 (Tex. App.--Austin 1995, no writ). A motion for rehearing must meet the standard of fair
notice stated in Suburban Utility Corp. v. Public Utility Commission, 652 S.W.2d 358, 365 (Tex.
1983), which requires that the motion be "sufficiently definite" to put the agency on notice of the
error claimed so that the agency can have the opportunity to correct or defend such errors. See
id. This Court, in Burke v. Central Texas Education Agency, 725 S.W.2d 393, 397 (Tex.
App.--Austin 1987, writ ref'd n.r.e.), explained that the motion for rehearing must state for each
contention of error: "(1) the particular finding of fact, conclusion of law, ruling, or other action
by the agency which the complaining party asserts was error; and (2) the legal basis upon which
the claim of error rests." Burke, 725 S.W.2d at 397. These two requirements may not be
satisfied "solely in the form of generalities." Id.

 The Board's assertion that appellant's motion did not satisfy the specificity
requirements was the sole basis of its plea to the district court's jurisdiction. A plea to the
jurisdiction brings the court's subject matter jurisdiction over the cause of action into question. 
See Dolenz, 899 S.W.2d at 811. A trial court has no alternative but to dismiss a suit where it
lacks jurisdiction. See Qwest Microwave, Inc. v. Bedard, 756 S.W.2d 426, 440 (Tex.
App.--Dallas 1988, orig. proceeding). The specificity requirements are "part of the jurisdictional
nature of the motion for rehearing" in a suit for judicial review of an administrative decision. 
Testoni v. Blue Cross and Blue Shield, 861 S.W.2d 387, 391 (Tex. App.--Austin 1992, no writ). 

 In the Testoni case, this Court reviewed for sufficiency a motion for rehearing that
read simply: "Mr. Testoni does not agree with this result and he hereby moves for rehearing on
the decision rendered to deny the payment of benefits for nursing care." Testoni, 861 S.W.2d at
391 n.4. We held that Testoni's motion did not state the fact finding, legal conclusion, or ruling
being complained of or the legal basis of his complaint, and thus, "[t]he motion in this case, which
merely requested rehearing, is not sufficient to meet this standard, preserve error, or provide
jurisdiction." Id. at 391.

 Appellant's motion for rehearing, though longer than the one sentence request held
insufficient in Testoni, is essentially the same in its lack of specificity. The motion merely
requests that the Board follow the ALJ's proposal for decision; it fails to specify the fact finding,
legal conclusion, or ruling of which appellant complains as well as the legal basis for the
complaint. Thus, the trial court correctly ruled that the motion for rehearing failed to confer
jurisdiction on the district court. See Dolenz, 899 S.W.2d at 811; Testoni, 861 S.W.2d at 391;
Burke, 725 S.W.2d at 397. Accordingly, we hold that the trial court did not err by dismissing
appellant's petition for review. 


CONCLUSION

 The trial court's order of dismissal is affirmed. 



 

 Marilyn Aboussie, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: March 18, 1999

Do Not Publish



 Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998). 
1. Appellant filed a second motion for rehearing in the form of a pleading; the second motion