TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00017-CV






H. Richard Gwozdz, Appellant



v.



Texas Education Agency and Fort Worth Independent School District, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 98-07184, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 







 Appellant H. Richard Gwozdz appeals the district court's judgment that affirmed
the Commissioner of Education's order denying his appeal and affirming his employment
termination by the Fort Worth Independent School District. Appellant raises three issues
contending that (1) the district court erred by rendering judgment the same day the commission
filed the administrative record, (2) the school district failed to follow its policies and procedures
thereby rendering its decision to terminate his employment contract void, and (3) the
Commissioner's decision was not supported by substantial evidence. We will affirm the district
court's judgment. 


Background


 Since 1988, appellant was employed by the school district pursuant to a
professional employee contract. He was a full-time employee working in various aspects of the
school district's instructional television/telecommunications system. At the time of his termination
he was the instructional television coordinator. Originally, appellant reported to the assistant
superintendent of schools for instructional support. He experienced no problems until he was
required to report to the director of library media services. Thereafter, following an
administrative hearing before representatives of the district superintendent, it was recommended
that appellant's employment be terminated. The recommendation was approved and appellant
appealed that decision to the district's school board. After that appeal was denied, he appealed
to the Commissioner of Education. Following a hearing, the Commissioner listed eight specific
findings of fact outlining appellant's insubordination, failure to comply with official directives,
and failure to maintain good rapport with the community, parents, and colleagues. The
Commissioner concluded that substantial evidence existed to support these findings as well as the
school district's board of trustees' decision that good cause existed to terminate appellant's
employment and appellant's right to due process was not violated. Accordingly, the
Commissioner denied appellant's appeal. Appellant filed a motion for rehearing which was
overruled by operation of law and then commenced this proceeding in district court. 


Discussion


 First, without presenting any authority, appellant contends the district court's
judgment should be reversed because the court failed to adequately review the administrative
record before rendering the decision. 

 On July 7, 1998, appellant filed his original petition in district court. After the
Commissioner and the school district answered, all parties filed trial briefs and a final hearing was
set for November 16, 1999. At the hearing it was determined that the administrative record had
not been filed and, on the record, the parties agreed that the court would hold its decision until
the record was filed. See Tex. Gov't Code Ann. § 2001.175 (West 2000). On December 9, the
record was filed and the district court rendered its decision that same day. 

 Section 2001.175 requires only that the administrative record be filed and admitted
into evidence and that the review be confined to the record unless the court considers evidence
of procedural irregularities not reflected in the record. Neither section 2001.175 nor case law
requires that the administrative record be on file for any specific period of time before the court
may render a decision. Appellant's first issue is overruled.

 Second, appellant contends the district court erred in rendering its decision because
the school district failed to follow its own rules and policies thereby depriving him of procedural
due process. Specifically, appellant contends the school district (1) did not proceed on a written
recommendation from his supervisor that his employment be terminated; (2) failed to advise him
of the due process procedures once he requested an administrative hearing; (3) when deciding to
withhold his pay, the school district was obligated to allow appellant a conference with the school
district superintendent upon request; and finally (4) failed, after the superintendent's panel made
its recommendation, to grant appellant an opportunity to appear before the school board. Without
citing any authority, appellant contends that "fundamental fairness requires that if the [school
district] is to terminate the valid and binding employment agreement it had with him, it should be
required to abide by its own policies and rules." 

 The school district responds that appellant has presented this Court with copies of
portions of the school district's policy and other documents relating to this issue that are neither
contained in the appellate record nor considered by the administrative hearing panel. The district
court and the Commissioner determined that appellant was adequately notified of the reasons for
his proposed discharge. An appellate court may not consider materials that are outside the
appellate record. See Sabine Offshore Serv., Inc. v. City of Port Arthur, 595 S.W.2d 840, 841
(Tex. 1979); Carlisle v. Philip Morris, 805 S.W.2d 498, 501 (Tex. App.--Austin 1991, writ
denied). Accordingly, after considering only documents appearing in the appellate record, we
conclude that the district court and the Commissioner did not err in concluding that appellant
failed to show any harm from any alleged procedural error. Appellant's second issue is overruled.

 Finally, appellant contends that the Commissioner's decision was not supported by
substantial evidence. Specifically, appellant challenges the Commissioner's findings 2, 3, 4, 5,
6, and 8. To challenge these findings on appeal, appellant had to file a motion for rehearing that
was sufficiently definite to inform the Commissioner which findings or rulings he claimed were
erroneous and outline the legal bases for his claims. See Hamamcy v. Texas State Bd. of Medical
Examiners, 900 S.W.2d 423, 425 (Tex. App.--Austin 1995, writ denied); Tex. Gov't Code Ann.
2001.144 (West 1999). 

 In his motion for rehearing appellant did not specify which findings were
unsupported by substantial evidence, but only made the following general allegation:

Petitioner respectfully submits that there is a total lack of enough
"SUBSTANTIAL EVIDENCE" to support Respondent's attempt to terminate
Petitioner's employment and Petitioner's employment contract. 



This statement is insufficient to dispute any specific finding made by the Commissioner. 
Appellant has, therefore, waived his right to complain of the findings on appeal. Accordingly,
appellant's third issue is overruled. 

 We affirm the district court's judgment.



 


 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: August 31, 2000

Do Not Publish



rst, without presenting any authority, appellant contends the district court's
judgment should be reversed because the court failed to adequately review the administrative
record before rendering the decision. 

 On July 7, 1998, appellant filed his original petition in district court. After the
Commissioner and the school district answered, all parties filed trial briefs and a final hearing was
set for November 16, 1999. At the hearing it was determined that the administrative record had
not been filed and, on the record, the parties agreed that the court would hold its decision until
the record was filed. See Tex. Gov't Code Ann. § 2001.175 (West 2000). On December 9, the
record was filed and the district court rendered its decision that same day. 

 Section 2001.175 requires only that the administrative record be filed and admitted
into evidence and that the review be confined to the record unless the court considers evidence
of procedural irregularities not reflected in the record. Neither section 2001.175 nor case law
requires that the administrative record be on file for any specific period of time before the court
may render a decision. Appellant's first issue is overruled.

 Second, appellant contends the district court erred in rendering its decision because
the school district failed to follow its own rules and policies thereby depriving him of procedural
due process. Specifically, appellant contends the school district (1) did not proceed on a written
recommendation from his supervisor that his employment be terminated; (2) failed to advise him
of the due process procedures once he requested an administrative hearing; (3) when deciding to
withhold his pay, the school district was obligated to allow appellant a conference with the school
district superintendent upon request; and finally (4) failed, after the superintendent's panel made
its recommendation, to grant appellant an opportunity to appear before the school board. Without
citing any authority, appellant contends that "fundamental fairness requires that if the [school
district] is to terminate the valid and binding employment agreement it had with him, it should be
required to abide by its own policies and rules." 

 The school district responds that appellant has presented this Court with copies of
portions of the school district's policy and other documents relating to this issue that are neither
contained in the appellate record nor considered by the administrative hearing panel. The district
court and the Commissioner determined that appellant was adequately notified of the reasons for
his proposed discharge. An appellate court may not consider materials that are outside the
appellate record. See Sabine Offshore Serv., Inc. v. City of Port Arthur, 595 S.W.2d 840, 841
(Tex. 1979); Carlisle v. Philip Morris, 805 S.W.2d 498, 501 (Tex. App.--Austin 1991, writ
denied). Accordingly, after considering only documents appearing in the appellate record, we
conclude that the district court and the Commissioner did not err in concluding that appellant
failed to show any harm from any alleged procedural error. Appellant's second issue is overruled.

 Finally, appellant contends that the Commissioner's decision was not supported by
substantial evidence. Specifically, appellant challenges the Commissioner's findings 2, 3, 4, 5,
6, and 8. To challenge these findings on appeal, appellant had to file a motion for rehearing that
was sufficiently definite to inform the Commissioner which findings or rulings he claimed were
erroneous and outline the legal bases for his claims. See Hamamcy v. Texas State Bd. of Medical
Examiners, 900 S.W.2d 423, 425 (Tex. App.--Austin 1995, writ denied); Tex. Gov't Code Ann.
2001.144 (West 1999). 

 In his motion for rehearing appellant did not specify which findings were
unsupported by substantial evidence, but only made the following general allegation:

Petitioner respectfully submits that there is a total lack of enough
"SUBSTANTIAL EVIDENCE" to support Respondent's attempt to terminate
Petitioner's employment and Petitioner's employment contract. 



This statement is insufficient to dispute any specific finding made by the Commissioner. 
Appellant has, therefore, waived his right to complain of the findings on appeal. Accordingly,
appellant's third issue is overruled. 

 We affirm the district court's judgment.



 


 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: August 31, 2000

Do Not Publish



rst, without presenting any authority, appellant contends the district court's
judgment should be reversed because the court failed to adequately review the administrative
record before rendering the decision. 

 On July 7, 1998, appellant filed his original petition in district court. After the
Commissioner and the school district answered, all parties filed trial briefs and a final hearing was
set for November 16, 1999. At the hearing it was determined that the administrative record had
not been filed and, on the record, the parties agreed that the court would hold its decision until
the record was filed. See Tex. Gov't Code Ann. § 2001.175 (West 2000). On December 9, the
record was filed and the district court rendered its decision that same day. 

 Section 2001.175 requires only that the administrative record be filed and admitted
into evidence and that the review be confined to the record unless the court considers evidence
of procedural irregularities not reflected in the record. Neither section 2001.175 nor case law
requires that the administrative record be on file for any specific period of time before the cour