TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00276-CV






Samuel Hill, Appellant




v.




The Board of Trustees of the Retirement System of Texas and Group Health


and Life Insurance Company, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 99-02206, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING







 We must determine whether Samuel Hill exhausted his administrative remedies
sufficient to confer jurisdiction on the district court to consider his petition for judicial review. 
The Employees Retirement System of Texas ("ERS") challenged the sufficiency of Hill's motion
for rehearing filed before the agency. Because we conclude that the specificity of a motion for
rehearing is not jurisdictional, we reverse the trial court's order of dismissal for want of
jurisdiction and remand for further proceedings.


Background


 As a state employee, Hill was covered by the uniform group insurance program
provided by the ERS. See Tex. Ins. Code Ann. art. 3.50-2 § 2(a) (West Supp. 2001). Group Life
and Health Insurance Company ("GLH") administered the insurance program. Hill purchased
voluntary accident insurance coverage from GLH for himself and his family. The coverage
provided a death benefit from $10,000 to $200,000 for the employee, with reduced coverage for
the employee's spouse (fifty-percent of the employee's coverage) and children (five-percent of the
employee's coverage). Hill selected $100,000 in coverage.

 Following the death of his stepson, Hill filed a claim for death benefits with GLH
requesting $100,000 in benefits. GLH refused to pay more than $5,000, five-percent of Hill's
$100,000 coverage. Hill appealed to the ERS, which upheld GLH's decision. Hill then appealed
the ERS' decision in a hearing before the State Office of Administrative Hearings. After a
hearing, the administrative law judge ("ALJ") recommended that Hill's appeal be denied by the
ERS Board of Trustees and the Board adopted the ALJ's Proposal for Decision. Hill filed a
motion for rehearing before the Board, which overruled the motion by operation of law. Hill
appealed to district court. ERS challenged Hill's appeal on jurisdictional grounds contending that
he failed to exhaust his administrative remedies by failing to file a sufficient motion for rehearing
with the agency. The district court granted the jurisdictional challenge.


Discussion


 It is well-settled that a party must exhaust its administrative remedies before seeking
judicial review of an agency order. Tex. Gov't Code Ann. § 2001.171 (West 2000). A motion
for rehearing is a statutory prerequisite to an appeal in a contested case. Id. § 2001.145(a);
Testoni v. Blue Cross & Blue Shield of Tex., Inc., 861 S.W.2d 387, 391 (Tex. App.--Austin
1992), overruled in part on other grounds, Montgomery v. Blue Cross & Blue Shield of Tex., Inc.,
923 S.W.2d 147, 151 (Tex. App.--Austin 1996, writ denied). The motion for rehearing is
intended to notify the agency of the alleged error so the agency may correct or defend the error. 
Suburban Util. Corp. v. Public Util. Comm'n, 652 S.W.2d 358, 365 (Tex. 1983). In the instant
cause, although Hill timely filed a motion for rehearing, ERS challenged the sufficiency of Hill's
motion, contending that it lacked the requisite detail to constitute a motion for rehearing necessary
to exhaust his administrative remedies.

 This Court has written numerous times on the sufficiency of motions for rehearing.
Hamamcy v. Texas State Bd. of Med. Exam' rs, 900 S.W.2d 423, 425 (Tex. App.--Austin 1995,
writ denied); Morgan v. Employees' Ret. Sys. of Tex., 872 S.W.2d 819, 821-22 (Tex.
App.--Austin 1994, no writ); Testoni, 861 S.W.2d at 391; Burke v. Central Educ. Agency, 725
S.W.2d 393, 397 (Tex. App.--Austin 1987, writ ref'd n.r.e.). As we noted in Hamamcy, the
question of sufficient detail in a motion for rehearing is generally not jurisdictional but simply goes
to the merits of the case, that is, whether the error has been preserved for judicial review. 
Hamamcy, 900 S.W.2d at 425. We ultimately held, however, that Hamamcy's motion was not
sufficient to confer jurisdiction because it was so indefinite, vague and general as to constitute no
motion for rehearing at all. Id.

 As this Court noted recently in Sierra Club v. Texas Natural Resources
Conservation Commission, the Texas Supreme Court changed the jurisdictional landscape in 
Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71 (Tex. 2000). 26 S.W.3d 684, 689 (Tex.
App.--Austin 2000, pet. filed) (Kidd, J., concurring). In Dubai, the supreme court overruled the
long-standing rule in Mingus v. Wadley, 285 S.W. 1084 (Tex. 1926). Dubai, 12 S.W.3d at 76;
Sierra Club, 26 S.W.3d at 687. Mingus held that when a plaintiff seeks to recover under a purely
statutory cause of action in derogation of common law, subject-matter jurisdiction is not presumed
and the record must affirmatively show as a jurisdictional fact that the plaintiff strictly complied
with the statute's prescribed method of transferring the controversy from the administrative body
to the district court. Mingus, 285 S.W. at 1087; see also Sierra Club, 26 S.W.3d at 685 n.4.
Citing concerns with finality of judgments, the supreme court in Dubai concluded that when "it 

is difficult to tell whether or not the parties have satisfied the requisites of a particular statute, it
seems perverse to treat a judgment as perpetually void merely because the court or the parties
made a good-faith mistake in interpreting the law." Dubai, 12 S.W.3d at 76. The supreme court
overruled Mingus "to the extent that it characterized the plaintiff's failure to establish a statutory
prerequisite as jurisdictional." Id. Such prerequisites are no longer jurisdictional and go solely
to the plaintiff's right to relief. Id. at 76-77.

 In this case, we must decide whether the requirement of filing a motion for
rehearing with the administrative agency is jurisdictional or a matter going solely to a plaintiff's
right to relief. To be entitled to judicial review, a plaintiff must exhaust all administrative
remedies. Tex. Gov't Code Ann. § 2001.171. A motion for rehearing is one of the administrative
remedies a plaintiff must exhaust before seeking judicial review. Id. § 2001.145(a); Wilmer-Hutchins Indep. Sch. Dist. v. Brown, 912 S.W.2d 848, 854 (Tex. App.--Austin 1995, writ
denied). The trial court is generally without jurisdiction if the plaintiff fails to exhaust his
administrative remedies. Essenburg v. Dallas Co., 988 S.W.2d 188, 189 (Tex. 1998). Applying
the rule in Dubai, we conclude that the timely filing of a motion for rehearing is jurisdictional
because the filing of the motion for rehearing defines and restricts the kind of case a district court
may hear--those in which the plaintiff has exhausted its administrative remedies and completed the
administrative process. Sierra Club, 26 S.W.3d at 688. However, further applying Dubai, we
believe that the mere sufficiency or adequacy of a motion for rehearing does not deprive the trial
court of jurisdiction. The contents of a motion for rehearing, we believe determine whether error
has been preserved for judicial review.

 We conclude that this bright-line rule comports with Dubai. We hold that the
timely filing of a motion for rehearing satisfies the jurisdictional requirements of Dubai. That
being true, the contents of a motion are no longer jurisdictional and go solely to the issue of
preservation of error.(1) See Dubai, 12 S.W.3d at 76-77. Because Hill timely filed a motion for
rehearing, he exhausted his administrative remedies and conferred jurisdiction on the trial court. 
See Tex. Gov't Code Ann. § 2001.146(a) (rehearing must be filed not later than twentieth day
after plaintiff receives notice of order). We conclude, therefore, that the trial court erred in
dismissing Hill's suit for want of jurisdiction. Accordingly, we sustain Hill's issue, reverse the
trial court's order of dismissal and remand the cause to the trial court.



 

 Mack Kidd, Justice

Before Justices Kidd, Yeakel and Jones*

Reversed and Remanded

Filed: February 28, 2001

Publish













* Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).

1. Because of our disposition, we need not discuss the contents of Hill's motion for rehearing. 



e Texas Supreme Court changed the jurisdictional landscape in 
Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71 (Tex. 2000). 26 S.W.3d 684, 689 (Tex.
App.--Austin 2000, pet. filed) (Kidd, J., concurring). In Dubai, the supreme court overruled the
long-standing rule in Mingus v. Wadley, 285 S.W. 1084 (Tex. 1926). Dubai, 12 S.W.3d at 76;
Sierra Club, 26 S.W.3d at 687. Mingus held that when a plaintiff seeks to recover under a purely
statutory cause of action in derogation of common law, subject-matter jurisdiction is not presumed
and the record must affirmatively show as a jurisdictional fact that the plaintiff strictly complied
with the statute's prescribed method of transferring the controversy from the administrative body
to the district court. Mingus, 285 S.W. at 1087; see also Sierra Club, 26 S.W.3d at 685 n.4.
Citing concerns with finality of judgments, the supreme court in Dubai concluded that when "it 

is difficult to tell whether or not the parties have satisfied the requisites of a particular statute, it
seems perverse to treat a judgment as perpetually void merely because the court or the parties
made a good-faith mistake in interpreting the law." Dubai, 12 S.W.3d at 76. The supreme court
overruled Mingus "to the extent that it characterized the plaintiff's failure to establish a statutory
prerequisite as jurisdictional." Id. Such prerequisites are no longer jurisdictional and go solely
to the plaintiff's right to relief. Id. at 76-77.

 In this case, we must decide whether the requirement of filing a motion for
rehearing with the administrative agency is jurisdictional or a matter going solely to a plaintiff's
right to relief. To be entitled to judicial review, a plaintiff must exhaust all administrative
remedies. Tex. Gov't Code Ann. § 2001.171. A motion for rehearing is one of the administrative
remedies a plaintiff must exhaust before seeking judicial review. Id. § 2001.145(a); Wilmer-Hutchins Indep. Sch. Dist. v. Brown, 912 S.W.2d 848, 854 (Tex. App.--Austin 1995, writ
denied). The trial court is generally without jurisdiction if the plaintiff fails to exhaust his
administrative remedies. Essenburg v. Dallas Co., 988 S.W.2d 188, 189 (Tex. 1998). Applying
the rule in Dubai, we conclude that the timely filing of a motion for rehearing is jurisdictional
because the filing of the motion for rehearing defines and restricts the kind of case a district court
may hear--those in which the plaintiff has exhausted its administrative remedies and completed the
administrative process. Sierra Club, 26 S.W.3d at 688. However, further applying Dubai, we
believe that the mere sufficiency or adequacy of a motion for rehearing does not deprive the trial
court of jurisdiction. The contents of a motion for rehearing, we believe determine whether error
has been preserved for judicial review.

 We conclude that this bright-line rule comports with Dubai. We hold that the
timely filing of a motion for rehearing satisfies the jurisdictional requirements of Dubai. That
being true, the contents of a motion are no longer jurisdictional and go solely to the issue of
preservation of error.(1) See Dubai, 12 S.W.3d at 76-77. Because Hill timely filed a motion for
rehearing, he exhausted his administrative remedies and conferred jurisdiction on the trial court. 
See Tex. Gov't Code Ann. § 2001.146(a) (rehearing must be filed not later than twentieth day
after plaintiff receives notice of order). We conclude, therefore, that the trial court erred in
dismissing Hill's suit for want of jurisdiction. Accordingly, we sustain Hill's issue, reverse the
trial court's order of dismissal and remand the cause to the trial court.



 

 Mack Kidd, Justice

Before Justices Kidd, Yeakel and Jones*

Reversed and Remanded

Filed: February 28, 2001