**Samuel HILL, Appellant,**

v.

**THE BOARD OF TRUSTEES OF THE RETIREMENT SYSTEM OF TEXAS and Group Health and Life Insurance Company, Appellees.**

**No. 03–00–00276–CV.**

Court of Appeals of Texas, Austin.

Feb. 28, 2001.

Robert W. Musemeche, Law Office of Robert W. Musemeche, P.C., Houston, for appellant.

Andrew F. MacRae, Hull Henricks and MacRae, L.L.P., Austin, for the Group Health and Life Ins. Co.

Raymond C. Winter, Asst. Atty. Gen., Austin, for Board of Trustees of the Reirement System.

Before Justices KIDD, YEAKEL and JONES.*

KIDD, Justice.

We must determine whether Samuel Hill exhausted his administrative remedies sufficient to confer jurisdiction on the district court to consider his petition for judicial review. The Employees Retirement System of Texas ("ERS") challenged the sufficiency of Hill's motion for rehearing filed before the agency. Because we conclude that the specificity of a motion for rehearing is not jurisdictional, we reverse the trial court's order of dismissal for want of jurisdiction and remand for further proceedings.

## Background

As a state employee, Hill was covered by the uniform group insurance program provided by the ERS. *See* Tex. Ins.Code Ann. art. 3.50–2 § 2(a) (West Supp.2001). Group Life and Health Insurance Company ("GLH") administered the insurance program. Hill purchased voluntary accident insurance coverage from GLH for himself and his family. The coverage provided a death benefit from $10,000 to $200,000 for the employee, with reduced coverage for the employee's spouse (fifty-percent of the employee's coverage) and children (five-percent of the employee's coverage). Hill selected $100,000 in coverage.

Following the death of his stepson, Hill filed a claim for death benefits with GLH

---

* Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment.

*See* Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).

requesting $100,000 in benefits. GLH refused to pay more than $5,000, five-percent of Hill's $100,000 coverage. Hill appealed to the ERS, which upheld GLH's decision. Hill then appealed the ERS' decision in a hearing before the State Office of Administrative Hearings. After a hearing, the administrative law judge ("ALJ") recommended that Hill's appeal be denied by the ERS Board of Trustees and the Board adopted the ALJ's Proposal for Decision. Hill filed a motion for rehearing before the Board, which overruled the motion by operation of law. Hill appealed to district court. ERS challenged Hill's appeal on jurisdictional grounds contending that he failed to exhaust his administrative remedies by failing to file a sufficient motion for rehearing with the agency. The district court granted the jurisdictional challenge.

### Discussion

■ It is well-settled that a party must exhaust its administrative remedies before seeking judicial review of an agency order. Tex. Gov't Code Ann. § 2001.171 (West 2000). A motion for rehearing is a statutory prerequisite to an appeal in a contested case. *Id.* § 2001.145(a); *Testoni v. Blue Cross & Blue Shield of Tex., Inc.,* 861 S.W.2d 387, 391 (Tex.App.—Austin 1992), *overruled in part on other grounds, Montgomery v. Blue Cross & Blue Shield of Tex., Inc.,* 923 S.W.2d 147, 151 (Tex.App.—Austin 1996, writ denied). The motion for rehearing is intended to notify the agency of the alleged error so the agency may correct or defend the error. *Suburban Util. Corp. v. Public Util. Comm'n,* 652 S.W.2d 358, 365 (Tex.1983). In the instant cause, although Hill timely filed a motion for rehearing, ERS challenged the sufficiency of Hill's motion, contending that it lacked the requisite detail to constitute a motion for rehearing necessary to exhaust his administrative remedies.

■ This Court has written numerous times on the sufficiency of motions for rehearing. *Hamamcy v. Texas State Bd. of Med. Exam'rs,* 900 S.W.2d 423, 425 (Tex.App.—Austin 1995, writ denied); *Morgan v. Employees' Ret. Sys. of Tex.,* 872 S.W.2d 819, 821–22 (Tex.App.—Austin 1994, no writ); *Testoni,* 861 S.W.2d at 391; *Burke v. Central Educ. Agency,* 725 S.W.2d 393, 397 (Tex.App.—Austin 1987, writ ref'd n.r.e.). As we noted in *Hamamcy,* the question of sufficient detail in a motion for rehearing is generally *not* jurisdictional but simply goes to the merits of the case, that is, whether the error has been preserved for judicial review. *Hamamcy,* 900 S.W.2d at 425. We ultimately held, however, that Hamamcy's motion was not sufficient to confer jurisdiction because it was so indefinite, vague and general as to constitute no motion for rehearing at all. *Id.*

As this Court noted recently in *Sierra Club v. Texas Natural Resource Conservation Commission,* the Texas Supreme Court changed the jurisdictional landscape in *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71 (Tex.2000). 26 S.W.3d 684, 689 (Tex.App.—Austin 2000, pet. filed) (Kidd, J., concurring). In *Dubai,* the supreme court overruled the long-standing rule in *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084 (1926). *Dubai,* 12 S.W.3d at 76; *Sierra Club,* 26 S.W.3d at 687. *Mingus* held that when a plaintiff seeks to recover under a purely statutory cause of action in derogation of common law, subject-matter jurisdiction is not presumed and the record must affirmatively show as a jurisdictional fact that the plaintiff strictly complied with the statute's prescribed method of transferring the controversy from the administrative body to the district court. *Mingus,* 285 S.W. at 1087; *see also Sierra Club,* 26 S.W.3d at 685 n. 4. Citing concerns with finality of judgments, the supreme court in

*Dubai* concluded that when "it is difficult to tell whether or not the parties have satisfied the requisites of a particular statute, it seems perverse to treat a judgment as perpetually void merely because the court or the parties made a good-faith mistake in interpreting the law." *Dubai*, 12 S.W.3d at 76. The supreme court overruled *Mingus* "to the extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional." *Id.* Such prerequisites are no longer jurisdictional and go solely to the plaintiff's right to relief. *Id.* at 76–77.

■■■■ In this case, we must decide whether the requirement of filing a motion for rehearing with the administrative agency is jurisdictional or a matter going solely to a plaintiff's right to relief. To be entitled to judicial review, a plaintiff must exhaust all administrative remedies. Tex. Gov't Code Ann. § 2001.171. A motion for rehearing is one of the administrative remedies a plaintiff must exhaust before seeking judicial review. *Id.* § 2001.145(a); *Wilmer–Hutchins Indep. Sch. Dist. v. Brown*, 912 S.W.2d 848, 854 (Tex.App.— Austin 1995, writ denied). The trial court is generally without jurisdiction if the plaintiff fails to exhaust his administrative remedies. *Essenburg v. Dallas Co.*, 988 S.W.2d 188, 189 (Tex.1998). Applying the rule in *Dubai*, we conclude that the timely filing of a motion for rehearing is jurisdictional because the filing of the motion for rehearing defines and restricts the kind of case a district court may hear—those in which the plaintiff has exhausted its administrative remedies and completed the administrative process. *Sierra Club*, 26 S.W.3d at 688. However, further applying *Dubai*, we believe that the mere sufficiency or adequacy of a motion for rehearing

does not deprive the trial court of jurisdiction. The contents of a motion for rehearing, we believe determine whether error has been preserved for judicial review.

We conclude that this bright-line rule comports with *Dubai*. We hold that the timely filing of a motion for rehearing satisfies the jurisdictional requirements of *Dubai*. That being true, the contents of a motion are no longer jurisdictional and go solely to the issue of preservation of error.[1] *See Dubai*, 12 S.W.3d at 76–77. Because Hill timely filed a motion for rehearing, he exhausted his administrative remedies and conferred jurisdiction on the trial court. *See* Tex. Gov't Code Ann. § 2001.146(a) (rehearing must be filed not later than twentieth day after plaintiff receives notice of order). We conclude, therefore, that the trial court erred in dismissing Hill's suit for want of jurisdiction. Accordingly, we sustain Hill's issue, reverse the trial court's order of dismissal and remand the cause to the trial court.

---

1. Because of our disposition, we need not discuss the contents of Hill's motion for rehearing.