# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-08-00006-CV

---

**Dr. Tone Johnson Jr., Appellant**

**v.**

**Texas Medical Board, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
NO. D-1-GN-07-002548, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellee the Texas Medical Board (the "Board") issued a final order suspending appellant Dr. Tone Johnson's medical license for one year, probated under certain stated terms and conditions. Johnson filed a petition for judicial review of the order in district court. The Board filed a plea to the jurisdiction challenging the sufficiency of Johnson's motion for rehearing and contending that the allegations in the petition did not "demonstrate any other basis by which [the district court] has jurisdiction of these claims." The district court granted the plea to the jurisdiction and dismissed Johnson's petition. We will reverse the district court's order of dismissal.

*Background*

The Board filed a complaint against Johnson with the State Office of Administrative Hearings in July 2005 alleging Johnson violated the Medical Practice Act by failing to practice medicine in an acceptable professional manner consistent with public health and welfare and by

failing to maintain adequate medical records. *See* Tex. Occ. Code Ann. § 164.051(a)(3), (6) (West 2004). An administrative law judge heard the case and prepared a proposal for decision that included 54 findings of fact and nine conclusions of law. Neither Johnson nor the Board filed exceptions to the proposed findings and conclusions. The Board adopted the proposal for decision with the exception of one conclusion of law addressing sanctions.[1] The Board's final order suspended Johnson's medical license for one year, but stayed the suspension subject to certain terms and conditions, including a requirement that Johnson's practice be monitored for two years and that he meet certain continuing medical education requirements. The order also assessed an administrative penalty of $5,000 and required Johnson to develop a written protocol and procedure manual addressing how he and his staff would respond to patients requiring hospital admission.

Johnson filed a motion for rehearing that stated:

> Comes now, Tone Johnson by and through his attorney of record . . . and files this Motion for Rehearing of the Medical Board's decision as well as the review and acceptance of said recommendation by the Board within 20 days of receiving the Final Order from the Texas Medical Board (June 17, 2007). Respondent incorporates by reference the Closing Argument, Response to Board's Closing Argument and Brief in Lieu of Oral Argument (Filed June 8, 2007) as the rationale for rehearing in order to investigate the conduct of Dr. Cleaves, McCullough and Manaolo in the care and treatment of R.M. as well as review all testimony and documents.

Johnson's motion for rehearing was overruled. Thereafter, Johnson filed a petition for judicial review, and the Board responded with a plea to the district court's jurisdiction. The Board's plea

---

[1] The Board noted that the appropriate sanction is not the proper subject of a finding of fact or conclusion of law. *See* 22 Tex. Admin. Code § 190.2 (2009) (Tex. Med. Bd., Board's Role).

complained that Johnson's motion for rehearing was insufficient to confer jurisdiction on the district court because Johnson's petition complained of a ground for reversing the Board's order that he failed to raise in his motion for rehearing and because several of his allegations did not "implicate § 2001.174 [of the Administrative Procedure Act], or demonstrate any other basis which the [district court] has jurisdiction" of his claims. *See* Tex. Gov't Code Ann. § 2001.174 (West 2008). The district court dismissed Johnson's petition for judicial review for lack of jurisdiction. By one issue, Johnson contends that the district court erred in granting the plea to the jurisdiction because his motion for rehearing was sufficient to confer on the district court jurisdiction over his petition for judicial review. The Board counters that Johnson failed to exhaust his administrative remedies because his motion for rehearing was legally insufficient, and therefore the district court did not have jurisdiction over the claims raised in his petition for judicial review.

***Discussion***

It is well settled that a party must exhaust its administrative remedies before seeking judicial review of an agency order. *See* Tex. Gov't Code Ann. § 2001.171 (West 2008). A timely motion for rehearing is a statutory prerequisite to a suit for judicial review of a decision in a contested case. *Id*. § 2001.145(a) (West 2008); *Hill v. Board of Trs. of the Ret. Sys.*, 40 S.W.3d 676, 678 (Tex. App.—Austin 2001, no pet.). The motion for rehearing is intended to notify the agency that a party is dissatisfied with a final order and that the party will seek review if the ruling is not changed. *Dolenz v. State Bd. of Med. Exam'rs*, 899 S.W.2d 809, 811 (Tex. App.—Austin 1995, no writ). A motion for rehearing must meet the standard of fair notice stated in *Suburban Utility Corp. v. Public Utility Commission*, which requires that the motion be "sufficiently definite" to put

3

the agency on notice of the errors claimed so that the agency has the opportunity to correct or defend such errors. 652 S.W.2d 358, 365 (Tex. 1983). In the present case, the Board argues that Johnson's motion, though timely filed, was so lacking in detail that it did not even constitute a motion for rehearing. The Board contends that the motion filed did not serve to exhaust Johnson's administrative remedies and was therefore not sufficient to confer jurisdiction on the district court.

This Court has on numerous occasions addressed the sufficiency of motions for rehearing. *See Hill*, 40 S.W.3d at 678-79; *Hamamcy v. Texas State Bd. of Med. Exam'rs*, 900 S.W.2d 423, 425 (Tex. App.—Austin 1995, writ denied); *Morgan v. Employees' Ret. Sys.*, 72 S.W.2d 819, 821-22 (Tex. App.—Austin 1994, no writ); *Testoni v. Blue Cross & Blue Shield of Tex., Inc.*, 861 S.W.2d 387, 391 (Tex. App.—Austin 1992), *overruled in part on other grounds by Montgomery v. Blue Cross & Blue Shield of Tex., Inc.*, 923 S.W.2d 147, 151 (Tex. App.—Austin 1996, writ denied); *Burke v. Central Educ. Agency*, 725 S.W.2d 393, 397 (Tex. App.—Austin 1987, writ ref'd n.r.e.). In *Hill*, we held that, with the exception of instances in which the motion is "so indefinite, vague, and general as to constitute no motion for rehearing at all," the contents of the motion "are no longer jurisdictional and go solely to the issue of preservation of error." 40 S.W.3d at 679. Therefore, provided the document filed qualifies as a motion for rehearing, its sufficiency or adequacy simply goes to the merits of the case and defines whether a claimed error has been preserved for judicial review. *Id.* at 678 (citing *Hamamcy*, 900 S.W.2d at 435). Accordingly, in deciding whether the district court's dismissal for lack of subject-matter jurisdiction was improper, we review Johnson's motion for rehearing to determine whether it gave the agency fair notice of the error claimed and is not, therefore, "so vague and general as to constitute no motion for rehearing at all." *See Suburban Util. Corp.*, 652 S.W.2d at 364; *Hill*, 40 S.W.3d at 678.

4

Johnson's motion for rehearing purports to incorporate by reference three documents he claims to have filed in the agency proceeding. The administrative record before us includes only one of those documents—Johnson's Response to Board's Closing Argument (the "Response"). The Response took issue with numerous aspects of the agency proceeding including complaints regarding the evidence supporting the Board's contention that Johnson failed to practice medicine in an acceptable manner and failed to treat a patient according to the generally accepted standard of care. *See* 22 Tex. Admin. Code 190.8(1)(a) (2009) (Tex. Med. Bd., Violation Guidelines). In the Response, Johnson argued that the Board failed to establish that he did not timely consult with other physicians regarding the patient's condition, and further contended that he met the standard of patient care in assessing and treating the patient. Johnson's motion for rehearing directed the Board to the complaints contained in the Response and therefore gave the agency fair notice that Johnson disagreed with its conclusion that he failed to practice medicine in an acceptable professional manner and to alert the Board that he intended to seek review of its final order. *See Suburban Util. Corp.*, 652 S.W.2d at 365; *Dolenz*, 899 S.W.2d at 811. We conclude that Johnson's motion for rehearing was not so indefinite, vague, and general as to constitute no motion for rehearing at all, and its timely filing conferred jurisdiction on the trial court. *See Hill*, 40 S.W.3d at 679.

On appeal, the Board argues that the applicable rules of procedure do not permit Johnson's attempt to incorporate by reference documents filed in the agency proceeding, and that even if they did, Johnson's wholesale incorporation of arguments contained in his 36-page response does not serve to identify Johnson's specific objections to the Board's final order. This alleged failing, however, does not implicate the district court's jurisdiction, but rather goes to the question

5

of whether Johnson's motion for rehearing was sufficiently specific to preserve for judicial review the errors he now complains of in his petition. This is a different question from whether his motion for rehearing conferred jurisdiction on the district court. *See BFI Waste Sys. v. Martinez Envtl. Group*, 93 S.W.3d 570, 578 (Tex. App.—Austin 2002, pet. denied) ("The timely filing of a motion for rehearing is jurisdictional, but the sufficiency of the motion's content goes solely to the issue of preservation of error.") (citing *Hill*, 40 S.W.3d at 679)). On remand, the Board is free to argue that the specific errors of which Johnson now complains were not preserved by his motion for rehearing and that his attempt to incorporate the Response into his motion for rehearing by reference was not permitted by the applicable procedures. *See Burke*, 725 S.W.2d at 399-400 (affirming summary judgment against party whose motion for rehearing failed to set forth "(1) the particular finding of fact, conclusion of law, ruling, or other action by the agency which the complaining party assert[ed] was error; and (2) the legal basis upon which the claim of error rest[ed]").

The Board further argues that the district court did not have subject-matter jurisdiction to review Johnson's claims that the Board (1) failed to perform a proper investigation; (2) failed to acknowledge racial bias; (3) failed to investigate the actions of other doctors; and (4) failed to investigate the veracity of certain documents submitted in the agency proceedings. The Board contends that these complaints "do not relate to the Board's order" which is "the only subject matter over which a trial court may exercise jurisdiction." Johnson's petition, however, complains that the Board's failings "caused the administrative proceedings to yield an erroneous outcome," and he seeks review of the final order subjecting him to disciplinary action. Review of such action is specifically authorized by an enabling statute. *See* Tex. Occ. Code Ann. § 164.009 (West 2004) ("A

6

person whose license to practice medicine has been revoked or who is subject to other disciplinary action by the board may appeal to a Travis County district court not later than the 30th day after the date the board decision is final."). Johnson met the requirements of this statute by filing his suit in Travis County district court not more than 30 days after the Board's order became final. Johnson also complied with the requirement of the Administrative Procedure Act that he exhaust his administrative remedies by timely filing a motion for rehearing. *See* Tex. Gov't Code Ann. §§ 2001.145, .171; *see also Texas Natural Res. Conservation Comm'n v. Sierra Club*, 70 S.W.3d 809, 812 (Tex. 2002) (enabling statute controls when it conflicts with Administrative Procedure Act but, when there is no conflict, court gives effect to both). Consequently, the district court had subject-matter jurisdiction over Johnson's petition complaining of the Board's disciplinary action.

## *Conclusion*

Johnson timely filed a motion for rehearing giving the Board fair notice that he was dissatisfied with its conclusions that he failed to practice medicine in a manner consistent with public health and welfare and failed to treat a patient according to the generally accepted standard of care. Johnson also met the requirements for obtaining judicial review under the relevant enabling statute by filing his petition for judicial review in Travis County district court less than 30 days after the Board's decision was final. We conclude, therefore, that the district court erred in dismissing Johnson's suit for want of jurisdiction. Accordingly, we sustain Johnson's issue, reverse the trial court's order of dismissal, and remand the cause to the district court.

7

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Pemberton
  Chief Justice Law Not Participating

Reversed and Remanded

Filed:  February 5, 2010