# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00122-CV

**Michael W. Lacey, Appellant**

v.

**City of DeSoto, Texas; City of DeSoto Police Department; and
Texas Commission on Law Enforcement Officer Standards and Education, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. D-1-GN-11-003548, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Michael W. Lacey appeals the trial court's orders granting the Texas Commission on Law Enforcement Officer Standards and Education's plea to the jurisdiction and granting the City of DeSoto's motion to dismiss. The trial court lacked subject-matter jurisdiction over the suit, and therefore we will affirm its order dismissing Lacey's suit against the Commission. We will also affirm the trial court's order granting the City's motion to dismiss.

## BACKGROUND

Lacey formerly held a peace-officer license issued by the Commission. On April 28, 2009, he was convicted of the Class B misdemeanor offense of driving while intoxicated. He was employed as a patrol officer by the City at the time of his offense and conviction.

After his conviction, the Commission's executive director brought an enforcement action against Lacey. The State Office of Administrative Hearings conducted a hearing before an administrative-law judge. *See* Tex. Occ. Code § 1701.504(a) (establishing that if Commission proposes to suspend or revoke license, license holder is entitled to hearing conducted by SOAH). The administrative-law judge issued a proposal for decision recommending that the Commission suspend Lacey's license for ten years but fully probate the suspension. The Commission decided instead to suspend Lacey's license for ten years without probating the suspension and entered its order on January 13, 2011. The Commission mailed its January 13 order to Lacey (in care of his counsel) on February 8, 2011, and Lacey's counsel received the order on February 11.

Lacey did not file a motion for rehearing. He filed a suit pro se in Travis County District Court, Cause No. D-1-GN-11-000584, on February 25, 2011, seeking judicial review of the Commission's order. The Commission answered and filed a plea to the jurisdiction, asserting that because Lacey failed to file a motion for rehearing, he had not exhausted his administrative remedies, and thus, the trial court lacked jurisdiction to hear his case. On July 21, 2011, the trial court dismissed the suit for lack of jurisdiction.

On November 17, 2011, Lacey filed the lawsuit that is the subject of this appeal. In his petition, entitled "Plaintiff's Original Petition of Discrimination, Retaliation, and Other Relief," he named the City as a defendant, in addition to the Commission. While his petition contains allegations that the City's police chief and the Commission's executive director conspired to suspend his license for the maximum time allowed for a violation under the Commission's rules and that this was an act of discrimination and retaliation against him, the only relief Lacey sought was the same relief that he sought in his first lawsuit—reversal of the Commission's order suspending his license.

The City moved to dismiss for lack of subject-matter jurisdiction, arguing that Lacey failed to identify any relief sought against the City because the only relief he sought in his petition was a reversal of the Commission's decision to suspend his license.[1] The City further asserted that Lacey failed to identify any claim against the City and failed to show that he had exhausted his administrative remedies for any potential claims against the City.

The Commission answered and filed a plea to the jurisdiction. The Commission argued that Lacey's suit should be dismissed because (1) his failure to file a motion for rehearing meant that he did not exhaust his administrative remedies against the Commission, (2) this second suit seeking relief from the Commission's order was not timely filed, and (3) the doctrine of res judicata barred Lacey's suit.

On January 31, 2012, the trial court granted the City's motion to dismiss and the Commission's plea to the jurisdiction without specifying the grounds for its decision and dismissed Lacey's suit against both defendants with prejudice. Lacey appeals from both orders.

## ANALYSIS

Although Lacey raises five issues on appeal, none of them addresses the jurisdictional issues raised by the City and the Commission, which are dispositive of this case.[2]

---

[1] The City's motion to dismiss was filed in the alternative and subject to its special appearance in which it asserted that it had not been properly served with Lacey's petition. The trial court did not rule on the special appearance.

[2] We note that several of Lacey's issues presented fail to articulate an issue for this Court to decide. *See* Tex. R. App. P. 38.1(f). Nevertheless, we have liberally construed those issues that appear to present error by the trial court for our review, as well as the arguments supporting those issues. *See* Tex. R. App. P. 38.9.

Lacey does not dispute that the Texas Administrative Procedure Act's (APA) contested-case and judicial-review procedures apply to the license-revocation proceedings instituted by the Commission against him. *See* Tex. Occ. Code §§ 1701.501 (establishing Commission's power to revoke or suspend license and establish enforcement procedures), .504(a) (providing that person whose license the Commission proposes to suspend or revoke is entitled to hearing conducted by SOAH), .505 (establishing that proceedings for disciplinary action are governed by Government Code Chapter 2001), .506 (establishing that "person dissatisfied with an action of the [C]ommission may appeal the action under Chapter 2001" of Government Code); *see generally* Tex. Gov't Code §§ 2001.001-.902 (APA). To be entitled to judicial review in a contested administrative case governed by the APA, a party must be "aggrieved by a final decision in a contested case" and have "exhausted all administrative remedies available." Tex. Gov't Code § 2001.171.

A motion for rehearing is one of the administrative remedies that a party must exhaust before seeking judicial review. *Id.* § 2001.145(a); *Hill v. Board of Trs. of Ret. Sys.*, 40 S.W.3d 676, 679 (Tex. App.—Austin 2001, no pet.). Filing a motion for rehearing is a jurisdictional prerequisite to filing suit for judicial review of a contested administrative case. *Hill*, 40 S.W.3d at 679. Texas Government Code Section 2001.146 provides that: "A motion for rehearing in a contested case must be filed by a party not later than the 20th day after the date on which the party or the party's attorney of record is notified as required by Section 2001.142 of a decision or order that may become final under Section 2001.144." Tex. Gov't Code § 2001.146(a).

The Commission notified Lacey's attorney of record of the decision as required by Section 2001.142. *See* Tex. Gov't Code § 2001.142. The Commission attached as an exhibit to its

4

plea to the jurisdiction its letter to Lacey's counsel enclosing the order, the order itself, and the certified-mail return receipt indicating that the letter was mailed to Lacey's counsel on February 8, 2011 and received by Lacey's counsel on February 11, 2011. Thus, Lacey's motion for rehearing was due twenty days later on March 3, 2011. Because he did not file a motion for rehearing by that date, the Commission's decision became final on March 3, 2011. *See id.* § 2001.144(a)(1) ("A decision in a contested case is final: (1) if a motion for rehearing is not filed on time, on the expiration of the period for filing a motion for rehearing . . . .").

Lacey does not contend that he filed a motion for rehearing. He argues that he was not required to under Section 2001.145, which provides that a motion for rehearing of an order that is final under Section 2001.144(a)(3) or (4) is not a prerequisite for appeal. *See id.* § 2001.145. Neither Section 2001.144(a)(3) nor (4) applies to the Commission's order in this case, however. Section 2001.144 (a)(3) allows an order to become final on the date the decision is rendered if a state agency finds that an imminent peril to the public health, safety, or welfare requires immediate effect of the order. *Id.* § 2001.144(a)(3). Section 2001.144(a)(4) allows the parties to include a specified finality date in the order if all parties have agreed to the specified date in writing or on the record. *Id.* § 2001.144(a)(4). The specified date may not be before the date the order is signed or later than the 20th day after the date the order was rendered. *Id.* Lacey acknowledges that the parties did not agree on a specified finality date, but he reads Section 2001.144(a)(4) to mean that the order may not be signed later than the 20th day after it was rendered. This is an incorrect reading of the statute, which does not establish a deadline for the signing of an order. He also asserts that because the order was not mailed until February 8, 2011, it was not signed until more than twenty days after it was

5

rendered. This is an incorrect assertion; the signature page of the order is dated January 13, 2011, and the text of the order states that the Commission considered it on January 13, 2011.

Lacey was notified of the order as required by the APA; his motion for rehearing was due on March 3, 2011. No motion for rehearing was filed, and thus the order became final and non-appealable on that date. *See id.* §§ 2001.144(a)(1) (establishing finality date when no motion for rehearing has been filed), .145(b) (providing that only decisions that become final under Section 2001.144(a)(2), (3), or (4) are appealable). Lacey's failure to file a motion for rehearing and consequent failure to exhaust his administrative remedies resulted in a lack of jurisdiction in the trial court that could not be cured. *See Marble Falls Indep. Sch. Dist. v. Scott*, 275 S.W.3d 558, 567-68 (Tex. App.—Austin 2008, pet. denied). The trial court therefore properly granted the Commission's plea to the jurisdiction.[3]

The trial court also properly granted the City's motion to dismiss. The only relief that Lacey sought in his petition was reversal of the Commission's order. Although Lacey alleges in his petition that the City's police chief influenced the Commission's executive director to suspend his license for the maximum time allowed for a violation under the Commission's rules, the relief that Lacey sought could only be obtained against the Commission—the only entity with the power to suspend or revoke his license. Thus, the trial court properly dismissed Lacey's suit against the City.[4]

---

[3] We do not address the other grounds raised by the Commission in its plea to the jurisdiction because Lacey's failure to exhaust his administrative remedies is dispositive. *See* Tex. R. App. P. 47.1.

[4] We note that Lacey attached a notice of right to sue from the Texas Workforce Commission to his response to the City's special appearance and motion to dismiss. Although Lacey's petition and appellate brief contain conclusory allegations of discrimination and retaliation reaching back over his lengthy career as a peace officer, the only alleged act by the City for which he sought relief was his assertion that the City police chief allegedly influenced the Commission's decision to

6

**CONCLUSION**

Because we conclude that the trial court lacked jurisdiction to hear Lacey's suit and properly dismissed it, we overrule the issues presented by Lacey on appeal. We affirm the trial court's orders dismissing the suit.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: March 14, 2014

---

suspend his license. His pleadings in the trial court did not identify any statutory basis for relief based on his allegations of discrimination and retaliation, and his appellate brief is also devoid of any legal argument supporting any potential claims related to those allegations. The only case that Lacey cites in his appellate brief is *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), a case concerning employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964. Lacey fails to provide any analysis of the case or to explain how it supports any of his contentions. *See* Tex. R. App. P. 38.1(i) (providing that brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and to record); *Bullock v. American Heart Ass'n*, 360 S.W.3d 661, 665 (Tex. App.—Dallas 2012, pet. denied) ("Failure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint.").

Although we attempt to construe a pro se appellant's briefing liberally, *see* Tex. R. App. P. 38.9, we must also hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable procedural rules, *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). We cannot discern any issue articulated by Lacey on appeal that asserts error by the trial court related to his generalized allegations of discrimination and retaliation. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.). To the extent that he intended to present such an issue, he has waived it by inadequate briefing.

7